By the Court. Duer, J.
We do not think it necessary to decide the questions to which the arguments of counsel, on the hearing before us, were chiefly directed, and which alone were raised upon the trial; namely, whether the promise of the defendants ought not to be regarded as collateral, and, therefore, void under the statute of frauds; and, whether, if the promise was valid, they were not discharged from its performance, by the alterations made, without their assent, in the terms of the contract between the plaintiffs and Ackley. In relation to these questions, we content ourselves with saying, that, in leaving them undetermined, we are not to be considered as intimating, that they are free from difficulty—neither of them is so.
The only objection to the recovery of the plaintiffs that we shall *377 consider is that which was raised, for the first time, on the argument before us, but which, as properly arising upon the facts, we were bound to entertain; and to this we are forced to say that no answer, that we can deem satisfactory, has been given. The objection is, that even upon the supposition that the promise of the defendants, to accept the bill in suit, was valid at common law, and not void under the statute of frauds, and that they were not discharged from the obligation it created by the alleged change in the terms of the contract between the plaintiffs and Ackley, it is still certain, that the promise was rendered void by those provisions in the Revised Statutes to which we were referred, and which I shall now cite.
The sixth section of the title “ Of Promissory Notes and Bills of Exchange” declares, that “no person within this state shall be charged as an accceptor on a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agentand the eighth, that “ an unconditional promise, in writing, to accept a bill before it is drawn, shall be deemed an actual acceptance, in favor of every person who, upon the faith thereof, shall have received the.bill for a valuable consideration.”
The tenth section, however, of the same title, creates an important exception from these provisions, by declaring that “ they shall not be construed to impair the right of any person to whom a promise to accept a bill may have been made, and who, on the faith of such promise, shall have drawn or negotiated the bill, to recover damages of the party making such promise, on his refusal to accept such bill.”
It seems to us that these sections are, all of them, free from obscurity or ambiguity, and that it is scarcely possible to state a reasonable doubt as to their true meaning and construction.
The promise of the defendants, upon which this action is founded, if unconditional, which may be doubted, was not in writing, and hence, unless we can hold that the plaintiffs drew, or negotiated, the bill in suit, they cannot be entitled to recover. They were not the drawers of the bill, and we cannot say that it was negotiated by them, without giving a meaning to the word “negotiated” that we cannot believe it has ever borne, and are satisfied, it was not designed to bear in the statute.
We think, that to negotiate a bill can only mean to transfer it for *378 value, and that it is a solecism, to say, that a bill has been negotiated by a payee, who has.never parted with its ownership and possession. The fact, that the plaintiffs had given value for the bill when they received it, only proves its negotiation by the drawer—its negotiation to, and not by them. As to the allegation that they endorsed the bill, as they never delivered the bill to any person, with the intent of rendering themselves liable as endorsers, it is certain that they never endorsed it, in the legal sense of the term. Their putting their names upon the back of the bill, was not an endorsement, but a mere authority, to the agent whom they employed, to demand its acceptance and payment.
The manifest intention of the legislature, in § 10, was to create an exception, in favor of those who, having transferred a bill for value, on the faith of the promise of the drawee to accept it, have, in consequence of his refusal to accept, been rendered liable, and been subjected to damages, as drawers or endorsers.
Thus construed, the exception is reasonable and just, but, upon the construction that we have been urged to adopt by the counsel for the plaintiffs, the exception would, in effect, supersede the rule, since it would be difficult to imagine a case that it would not be found to embrace; that is, difficult to imagine a case in which an oral promise to accept a bill would not be as binding, and create, substantially, the same liability, as a promise in writing. The salutary provisions in sections six and eight would thus be rendered nugatory.
The plaintiffs, here, have not been made liable as endorsers, and have done no act by which they could be rendered so.
The verdict-must, therefore, be set aside, and, as no purpose could be answered by a new trial, a judgment, dismissing the complaint, with costs, must be entered for the'defendants.
Judgment accordingly.