FELICITE TILLMAN, Appellant, *v.* ESTATE OF CHARLES TILLMAN, Respondent.

1. Where land is held by the wife simply as her own, and in which the husband has marital rights, if she join in the sale, and the proceeds are collected by him in his own name, used as he uses his other funds—there being no contract or understanding with the wife in regard to them—they become the property of the husband.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick*, for appellant.

*E. C. Kehr*, for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff presented a claim against the estate of her deceased husband which was disallowed in the Probate Court, and on appeal was again disallowed in the Circuit Court. It was based upon the fact that during the coverture certain of her real estate was sold and conveyed by herself and husband, and the proceeds of the sale having been collected by the husband, she presents a demand against his estate for their amount. The case was tried in the Circuit Court upon the following agreed state-

ment of facts: "At the time of her marriage with her late hus-
band, Charles Tillman, she owned in her own right several tracts
of land situate in Illinois and Missouri. These lands during her
coverture were sold by different parties, partly for cash and partly
on a credit, and she and her husband joined in the execution of
the conveyances to the purchasers. To secure the payment of the
deferred payment of these sales, deeds of trust were executed by
the purchasers, and Charles Tillman was described as the *cestui*
*que trust* in the several deeds of trust. As the several deferred
payments became due they were collected by Charles Tillman, and
he entered in his own handwriting in his books of account the sev-
eral amounts so collected as the proceeds of said lands, and both
the several amounts and the time the same were paid are stated
as aforesaid in his books. The annexed account shows the sev-
eral amounts so paid, and the date of the payment of each.
Charles Tillman was a merchant at the time of his marriage with
claimant, and so continued to the time of his death. Administra-
tion was taken on the estate June 26, 1865," etc.

The land sold belonged to the wife, but was not her sole and
separate property. Had it been so held by her, the husband might
be treated as her agent in the collection of the proceeds, and they
would still belong to her unless it could be shown that she intended
to give them to him. But when land is held by the wife simply
as her own, and in which the husband has marital rights, if she
join in the sale and the proceeds are collected by him in his own
name, used as he uses his other funds—there being no contract or
understanding with the wife in regard to them—they are reduced
to possession, are appropriated by him, and by her presumed con-
sent. The only thing relied upon to show the intention to hold
the money for her use, is the fact that in entering the receipts upon
the books of account it was shown that they were proceeds of her
land. There was no investment in her name, no charge to him-
self and credit to her, and there is no evidence whatever that he
intended or she desired him to hold the amounts collected to her
separate use. He was himself wealthy, and there was no special
inducement in her to look after these comparatively small sums.
They might easily have been secured to her, she might have made

it a condition to parting with the land; but nothing being done in this direction, the proceeds of the sale became part of the husband's estate, in which she has a large interest as wife, but none as creditor.

In Tennison v. Tennison, 46 Mo. 83, to which counsel refer, there was an express contract to reinvest certain property of the wife to her separate use; and having fraudulently taken a title to himself, the husband was properly required to hold it as her trustee. There is nothing in the present case like that, and the other authorities cited refer to a different state of facts.

The other judges concurring, the judgment will be affirmed.