A. SUMNER, Appellant, *vs.* ANDREW F. McCRAY, GARNISHEE OF CHARLES T. WESTCOMB AND JOSEPH CARTER, Respondent.

1. *Wife's land in another State—Sale of—Proceeds of exempt from execution.*— Where the husband, as agent of the wife, receives a check for the price given for the purchase of land owned by her prior to marriage, under the statute relating to married women (Wagn. Stat. 935, § 14), the check is exempt from execution for his debts. And this is the rule although the lands are in another State.

2. *Practice, civil—Instructions.*—Instructions not warranted by the evidence should be refused.

*Appeal from Caldwell Circuit Court.*

*Crosby Johnson with M. A Low,* for Appellant.

I. Our statute does not restrain the husband from collecting in and reducing to possession the choses in action of his wife. (Boyce vs. Cayce, 17 Mo., 47; Clark vs. Bank, 47 Mo., 17.) And it makes no difference whether the money or bond arises from the sale of her land or other property. (Tillman vs. Tillman, 50 Mo., 40.) If there is no particular agreement on the subject, but she voluntarily parts with her land and permits the cash avails of it to go into his hands, this cash is like any other which he receives during the coverture from her, absolutely his. (1 Bish. Mar. Women, § 605; Mahoney vs. Bland, 14 Ind., 176; Talbott vs. Dennis, 1 Ind., 471; Martin vs. Martin, 1 Const., 473; See 12 Ind., 170; 3 Ind., 545; Woodford vs. Stephens, 51 Mo., 443.)

*J. M. Hoskinson,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

On a judgment in favor of plaintiff, against one Westcomb, defendant was summoned as garnishee. In his answer he stated that he had received a check from Westcomb, but was informed that it was the property of Westcomb's wife. Whether it was hers or not, so as to be liable for her husband's debts or otherwise, was the issue submitted to the court.

The evidence all showed that the money which the check represented was derived from the sale of land belonging to her in the State of Indiana; that the land was purchased by her with her own money long before her marriage, and that it was sold since, and that the check was for one of the instalments due thereon, and that her husband, in receiving and transferring it, only acted as her agent. The judgment was for the defendant.

Our statute provides that "the rents, issues and products of the real estate of any married woman, and all moneys and obligations arising from the sale of such real estate, and the interest of her husband in her right in any real estate which belonged to her before marriage, or which she may have acquired by gift, grant, devise or inheritance during coverture, shall during coverture, be exempt from attachment or levy of execution for the sole debts of her husband." (2 Wagn. Stat., 935, § 14.)

It is contended that the statute cannot govern the case, because the wife's land was situated in the State of Indiana, and the law was only intended to apply to lands lying in this State. But there is nothing in the law warranting any such construction. Its language does not import any such idea; and when we take into consideration the object and intent had in view, a conclusion directly to the contrary must be reached. No distinction is made. The law makers manifestly intended to secure to the wife, free from the control of her husband, all moneys arising from the sale of her real estate which she possessed before marriage, or which she acquired with her own money, obtained by gift, grant, devise or inheritance after marriage.

It is of no consequence in what jurisdiction the land was situated, the money arising from the sale thereof was designed to be secured to her. The money is in her hands, just as much, and the object in view is accomplished, whether the land was situated in this State or another.

The court did right in refusing the instructions in reference to the husband's reducing the money into possession, for there was no evidence warranting them.

The judgment of the court was evidently right and should be affirmed, and with the concurrence of the other judges, it will be so ordered; the other judges concur.