FLATO, *Plaintiff in Error*, v. MULHALL.

1. **Conflict of Laws**: STATUTE LAW OF SISTER STATES: COMMON LAW. This court cannot take judicial notice of the statutes of another state; neither can it presume that the common law prevails in a state, such as Texas, which was never subject to the laws of England. Where, therefore, a contract comes in question, the validity of which is properly determinable by the law of such a state, if no evidence is offered to show what the law of that state is, resort must be had to the law of this state to determine the question.

2. **Parol Promise to Accept Draft.** The payee of a draft cannot enforce against the drawee a parol promise to accept. R. S. 1879, § 537.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Edward T. Farish* for plaintiff in error.

By the law merchant, one who promises another, either in writing or by parol, that he will accept certain bills of exchange, and thereby induces him to advance money thereon, in reliance upon the promise, will be held to make good his promise. *Scudder v. Union National Bank*, 91 U. S. 406; *Townsley v. Sumrall*, 2 Pet. 176; *Boyce v. Edwards*, 4 Pet. 111. The Missouri statute does not control the case. The law of Illinois is the *lex loci solutionis* and governs; (*Tyrrell v. Cairo, etc., R. R. Co.*, 7 Mo. App. 294;) or, if the law of Texas, the *lex loci contractus*, governs, the result is the same. In either case the common law will be presumed to prevail, the contrary not being shown. The law merchant is part of the common law. *Patterson v. Carrell*, 60 Ind. 130; 1 Parsons Bills and Notes, §§ 10, 13; 1 Cranch, Appendix.

*Henry B. O'Reilley* for defendants in error.

1. The construction and legal effect of the contract should properly be determined by the laws of Texas, and

not of Illinois or Missouri. *Carnegie v. Morrison*, 2 Met. 400; *Scudder v. Union National Bank.* 91 U. S. 406. *Hunt v. Jones*, 12 R. I. 265.

2. The laws of a sister state or of a foreign country are facts; and if the maintenance or defense of a suit depends upon such foreign laws, they must be pleaded and proved as any other facts. The courts cannot take judicial notice of them. *Chapin v. Dobson*, 78 N. Y. 74; *s. c.*, 34 Am. 512; *Monroe v. Douglass*, 5 N. Y. 447; *Male v. Roberts*, 3 Espinasse 163; *Hosford v. Nichols*, 1 Paige 226.

3. In the absence of plea and proof of the laws of Texas, the laws of Missouri, including the common law as it prevails here under our statutory modifications, will be administered in determining the construction and legal effect of this contract. *Monroe v. Douglass*, 5 N. Y. 447; *Whidden v. Seelye*, 40 Me. 253; *Chapin v. Dobson*, 78 N. Y. 74; *s. c.*, 34 Am. 512; *Cox v. Morrow*, 14 Ark. 610; 2 Ph. Ev. C. & H. 429, (4 Am. Ed.;) *Legg v. Legg*, 8 Mass. 99; *Bray v. Cumming*, 5 Mart. La. (N. S.) 252; *Warren v. Lusk*, 16 Mo. 102; *Houghtaling v. Ball*, 19 Mo. 84; *Franklin v. Twogood*, 25 Ia. 520; Bliss Plead., §§ 180, 183; *Morrissey v. Wiggins Ferry Co.*, 47 Mo. 525; *Milly v. Smith*, 2 Mo. 36.

4. There is no presumption that the common law prevails in Texas. *Throop v. Hatch*, 3 Abb. Pr. 23; *Chouteau v. Pierre*, 9 Mo. 3; *Ott v. Soulard*, 9 Mo. 581.

5. Though there was plea and proof of the laws of Texas and of Illinois, and the contract confessedly valid and enforceable in Texas and Illinois, still it cannot be enforced nor any recovery had thereon in Missouri, because, as to the remedy, the laws of the forum prevail; and our laws provide, (*a*) That "no person within this State shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing." R. S., § 533; G. S., 395, § 1; *Houghtaling v. Ball*, 20 Mo. 563; *Williams v. Haines*, 27 Iowa 252. (*b*) That damages for breach of a verbal promise to accept and pay a bill of exchange can only be recovered by one " who on the faith of such promise shall

have drawn or negotiated the bill." R. S., § 537; G. S., 395, § 5; *Blakiston v. Dudley*, 5 Duer 373. (*c*) That " no action shall be brought to charge any person upon any special promise to answer for the debt or default of another, unless the agreement on which the action shall be brought, or some memorandum or note thereof shall be in writing and signed by the party to be charged therewith." R. S., 2513; G. S., 438, § 5; *Leroux v. Brown*, 14 Eng. L. & Eq. 247; *Houghtaling v. Ball*, 20 Mo. 563; Parsons Contr. V. 2, 292. (*d*) A consideration is essential to the support of every contract, and no consideration is presumed save in contracts under seal; and in "instruments of writing made and signed by any person or his agent whereby he shall promise to pay any other on his order, or unto bearer any sum of money or property therein mentioned." R. S., § 663; G. S., 398, § 6; *Jones v. Holliday*, 11 Texas 412; Parsons Bills and Notes, "Consideration."

6.    The contract is void under the law merchant. *Coolidge v. Payson*, 2 Wheat. 66; *Nelson v. First National Bank*, 48 Ill. 36; Parsons Notes and Bills, "Promise to Accept."

Hough, J.—This was an action to recover damages for the breach of a parol promise alleged to have been made by the defendants to plaintiff, in the state of Texas, to accept certain drafts to be thereafter drawn by Beauchamp & Alexander, on the defendants, in favor of the plaintiff, for certain advances of money to be made by the plaintiff at defendants' request, to said Beauchamp & Alexander. The plaintiff was a banker in Texas, and the defendants were cattle dealers, doing business in the state of Illinois. The money was advanced, the draft drawn and the defendants refused to accept or pay the same. The circuit court held that the plaintiff could not recover, and the court of appeals affirmed its judgment.

As the contract for the acceptance was made in Texas, and as the acceptance itself was to have been made in Illi-

Flato v. Mulhall.

**1. CONFLICT OF LAWS: statute law of sister states: common law.** nois, and the remedy is sought in this State, it becomes material to inquire what law is to govern us in determining the rights of the parties. The validity and legal effect of the contract alleged must depend upon the law of the place where it was made. *Carnegie v. Morrison*, 2 Met. 397; *Bissell v. Lewis*, 4 Mich. 459. The contract for acceptance was, of course, for an acceptance valid by the law of Illinois, where it was to be given; but as the defendants refused to give any acceptance whatever, the law of Illinois is not material. This suit being for a breach of a promise to accept, made in Texas, the nature and extent of the obligation assumed by the defendants in making such promise, assuming that it has been proved, should properly be determined by the law of that state. Under the previous decisions of this court, however, we cannot take judicial notice of the laws of Texas, and they were not offered in evidence. Counsel for the plaintiff ask us to presume, in the absence of evidence, that the common law is in force in Texas. This presumption can only be indulged with reference to those states which, prior to becoming members of the union, were subject to the laws of England. Texas was a part of the Spanish possessions on this continent, and if the common law ever prevailed there, or now prevails there, it must be by virtue of some statutory provision of which we cannot take judicial notice. As no evidence was introduced, and no presumption can be indulged as to the *lex loci contractus*, the law of the forum must govern.

The material provisions of our law, in relation to the acceptance of bills of exchange, are as follows: "Section **2. PAROL PROMISE TO ACCEPT DRAFT.** 533. No person within this State shall be charged as an acceptor of a bill of exchange, unless his acceptance shall be in writing, signed by himself or his lawful agent." "Section 535. An unconditional promise in writing, to accept a bill before it is drawn, shall be deemed an actual acceptance in favor of every person

to whom such written promise shall have been shown, and who, upon the faith thereof, shall have received the bill for a valuable consideration." "Section 537. The preceding sections shall not be construed to impair the right of any person to whom a promise to accept a bill may have been made, and who, on the faith of such promise, shall have drawn or negotiated the bill, to recover damages of the party making such promise on his refusal to accept such bill." Under the provisions of the section last quoted, a verbal promise to accept a bill may be made the foundation of an action, and if the plaintiff in this case had either drawn or negotiated the bills in question on the faith of the promise of the drawees to accept them, and in consequence of such refusal he had been subjected to loss or injury, he could maintain this action and recover substantial damages. The plaintiff, however, is not the drawee of the bills, nor has he negotiated them, and he cannot, therefore, recover. The right to recover in a similar case was denied on this ground, in New York, under a statute of which ours is a literal copy. *Blakiston v. Dudley*, 5 Duer 373. The judgment of the court of appeals is affirmed. The other judges concur.