SLOAN v. TORRY et al., *Appellants.*

TERRY v. TORRY et al., *Appellants.*

1.  **Fraudulent Conveyance.** Land conveyed by an insolvent without valuable consideration, and acquired from the grantee with knowledge of that fact, will be subject in the hands of the purchaser to the demands of the creditors of the insolvent; and, if he exchanges for other land, the latter becomes also subject to their demands.

2.  **Statute Laws of Sister States:** COMMON LAW. Judicial notice will not be taken of the statutes of a sister state; and it will not be presumed that the common law is in force in the state of Louisiana.

3.  **Husband and Wife:** WIFE'S PROPERTY. In the absence of evidence that property in the name of a married woman acquired during coverture has been paid for by her separate means, the presumption of law is that it was paid for with those of the husband; and in such case it is not within the protection of the statute, (R. S. 1879, § 3295,) securing to the wife the moneys arising from the sale thereof.

4.  ———. The promise of a husband to repay his wife the proceeds of land which belonged to her, but not as her separate estate, and which has been disposed of and used by him with her consent, is without sufficient consideration to make him her creditor.

*Appeal from Jackson Special Law and Equity Court.*—HON. R. E. COWAN, Judge.

AFFIRMED.

*Comingo & Slover* and *Wooldridge & Daniel* for appellants.

*R. O. Boggess* and *R. T. Rauey* with *C. W. Sloan* for respondents.

HOUGH, C. J.—These are separate suits, but the issues being the same in each, they were tried as one. Plaintiffs seek to subject to the payment of debts due them from one L. M. Torry, deceased, which were duly allowed against his estate, a certain tract of land in Cass county, the legal title to which is vested in the defendant Evans. On the

| 78 | 623 |
| 33a | 635 |
| 78 | 623 |
| 36a | 537 |
| 78 | 623 |
| 101 | 167 |
| 78 | 623 |
| 111 | 290 |
| 78 | 623 |
| 113 | 601 |
| 54a | 152 |
| 78 | 623 |
| 56a | 405 |
| 78 | 623 |
| 59a | 194 |
| 78 | 623 |
| 127 | 134 |
| 78 | 623 |
| 63a | 339 |
| 78 | 623 |
| f152 | 411 |
| 78 | 623 |
| 154 | 331 |
| 154 | 424 |
| 78 | 623 |
| 89a | 669 |
| 78 | 623 |
| 166 | 494 |
| 78 | 623 |
| 168 | 4511 |
| 92a | 3666 |
| 78 | 623 |
| 171 | 3401 |

26th day of September, 1870, L. M. Torry, husband of the defendant, Henrietta E. Torry, died intestate and insolvent. About three weeks before his death he negotiated for a certain house and lot in Harrisonville, Cass county, belonging to the defendant Evans, the son-in-law of Mrs. Torry, and then directed him to make the deed to his wife Henrietta, the defendant. The defendant Evans executed a deed as directed to his co-defendant, Mrs. Torry, on the 26th day of September, 1870, which deed was dated September the 19th, 1870, and was acknowledged and delivered on the 26th day of September, 1870. The deed was dated on the 19th because that was the day on which the attorney had been requested to prepare it. The deceased stated to the defendant Evans and to others, that he had this property conveyed to his wife because he had sold property belonging to her, situate in New Orleans, and had spent the proceeds of said sale, and he intended to make it up to her in property in Harrisonville. The defendant Evans was administrator of the estate of the deceased and knew the condition thereof. While he was administrator, Evans negotiated a trade of the property conveyed by him to Mrs. Torry, to one Don C. Davis, for the property now sought to be subjected to the payment of plaintiffs' demands, and, in pursuance of said trade on August 5th, 1871, the Harrisonville property was conveyed to Davis, and on August 14th, 1871, Davis conveyed the property involved in this suit to the defendant Evans, who testified that he paid Mrs. Torry $2,000 and Davis $1,000, the price of the Davis property being $3,000, and that of Mrs. Torry $2,000. The plaintiffs' demands amount to about $1,000.

Regarding for the present the conveyance by the decedent, through the defendant Evans, to Henrietta Torry, 1. FRAUDULENT CON- as being voluntary, and the land thereby VEYANCE. conveyed as therefore subject to the payment of his debts, it seems quite plain that the estate acquired by Evans from Davis, through Mrs. Torry, with knowledge of the fact that the conveyance to her was vol-

untary and that the deceased was insolvent, will be subject to the satisfaction of the plaintiffs' demands. *Allen v. Berry*, 50 Mo. 90. This transaction was, in effect, a purchase by Evans of Mrs. Torry's property, with notice that it was subject to the claims of creditors, and an exchange by him of said property for the Davis property.

To meet this condition of things, and for the purpose of showing that Mrs. Torry was a creditor of her husband

2. STATUTE LAWS OF SISTER STATES: common law. when he caused the Harrisonville property to be conveyed to her, the defendants introduced testimony showing that, in 1868, the defendant, Henrietta Torry, held in her own name certain real property in the state of Louisiana, which her husband sold under a power of attorney from her, and used the proceeds, and after his return to this state he told his wife that she should not be the loser by it, and that he would pay her every cent of the money used by him. He did not tell her, however, what he received for the Louisiana property, but it elsewhere appears that it was about $2,000. So far as the laws of Louisiana may have any bearing upon the rights of the parties to this controversy, they cannot be regarded in making our decision, as they were not offered in evidence, and we cannot take judicial notice of them, nor can we presume that the common law is in force in that state. *Flato v. Mulhall*, 72 Mo. 522.

In the absence of evidence that the property in Louisiana was paid for by the separate means of Mrs. Torry, the

3. HUSBAND AND WIFE: wife's property. presumption of law is, it having been acquired during coverture, that it was paid for with the means of her husband. *Gault v. Saffin*, 44 Pa. St. 367; *Seitz v. Mitchell*, 94 U. S. 580; *Weil v. Simmons*, 66 Mo. 620. In *Sumner v. McCray*, 60 Mo. 493, it was held that our statute, first enacted in 1865, which makes the rents, issues and products of the real estate of any married woman. and all moneys and obligations arising from the sale of such real estate which belonged to her before marriage, or which she may have acquired by gift, grant or

40—78

devise during coverture, exempt from seizure, during coverture, for the debts of the husband, was intended to secure to the wife free from the control of her husband, all moneys arising from the sale of her real estate, which she possessed before marriage, or which she acquired with her own money obtained by gift, grant, devise or inheritance after marriage. Under this decision, if real property be acquired with the money of the husband, or by gift from him, and it be sold and converted into money, such money is not within the protection of the statute. The relations of Mr. and Mrs. Torry to the proceeds of the Louisiana property must be determined, therefore, by the law as it stood before the passage of the act of 1865, now embodied in section 3295 of the Revised Statutes.

In the case of *Tillman v. Tillman*, 50 Mo. 40, this court said: "When land is held by the wife simply as her own 4.——.        and in which the husband has marital rights, if she join in the sale and the proceeds are collected by him in his own name, used as he uses his other funds, there being no contract or understanding with the wife in regard to them, they are reduced to possession, are appropriated by him, and by her presumed consent. The only thing relied upon to show the intention to hold the money for her use, is the fact that in entering the receipts upon the books of account, it was shown that they were proceeds of her land. There was no investment in her name, no charge to himself and credit to her, and there is no evidence whatever that he intended or she desired him to hold the amounts collected to her separate use. He was himself wealthy, and there was no special inducement in her to look after these comparatively small sums. They might easily have been secured to her, she might have made it a condition to parting with the land; but nothing being done in this direction, the proceeds of the sale became a part of the husband's estate, in which she has a large interest as wife, but none as creditor."

In the case at bar, no condition was attached by Mrs.

Torry to the sale of her land. True, it could not be disposed of without her consent; but when disposed of, as the land was not her separate property, the proceeds were not her separate property, and being choses in possession and not protected by the statute, the husband could lawfully use the same, and no subsequent promise by him to pay her back would make her his creditor so as to justify the preference attempted in her behalf by the conveyance from Evans to her. She took subject to the claims of the creditors. *Terry v. Wilson*, 63 Mo. 493. If the real property in Louisiana had been disposed of upon a prior or contemporaneous promise of the husband to hold the proceeds for her, or to account for the same, she would then stand as to such proceeds upon the footing of a general creditor, and the preference in her favor could be upheld. But we fail to find any such agreement or understanding in this record. The husband appropriated the proceeds of the sale as he lawfully might, and any subsequent promise made by him to repay her is without sufficient consideration to make her a creditor.

The judgment of the law and equity court, which was for the plaintiff in each case, will, therefore, be **affirmed.** The other judges concur.