W. A. BAIN *et al.*, Respondents, v. JAMES H. ARNOLD, Appellant.

Kansas City Court of Appeals, February 4, 1889.

Law of Sister State: PRESUMPTION AS TO: HOW AS TO KANSAS: UNACKNOWLEDGED MORTGAGES. The presumption, that, in the absence of proof as to the law of a sister state, the common law is in force in such state, can only be indulged in reference to those states, which, prior to becoming members of the Union, were subject to the laws of England, and as the territory embraced within the boundaries of the state of Kansas was never subject to the English laws, but was, immediately before its acquisition by the United States Government, subject to the French, and prior thereto to the Spanish laws, the courts of this state cannot presume the common law in force there, but in determining the legal effect of a Kansas contract, will presume the *lex loci contractus* is the same as the *lex fori*, and hold an unrecorded chattel mortgage void as against *bona-fide* creditors and subsequent purchasers for value, under section 2503, Revised Statutes, Missouri.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED.

*Daniel B. Holmes,* for appellant.

(1) No evidence having been offered as to the law of Kansas the courts of this state will presume that the general principles of the common law prevail there. *Morrissey v. Ferry Co.*, 47 Mo. 521, 525. (2) The common-law rule is thus stated by Mr. Boone in his valuable work on Mortgages : "By the rule of the common law, a mortgage of chattels was invalid as against third persons unless the property was delivered to the mortgagee and the possession thereof retained by him.

Independently of any statutory provision, a manual delivery of the mortgaged property to the mortgagee would be necessary to the validity of the instrument." Boone on Mort., sec. 245; *Bullock v. Williams*, 16 Pick. 33; *Claflin v. Rosenberg*, 42 Mo. 439, 447; *King v. Bailey*, 6 Mo. 575, 579.

*C. M. Ingraham*, for respondents.

There is no presumption that the common law prevails in Kansas. As a matter of fact it does not unless it has been adopted by statute. Lawson on Pres. Ev. 366; *Flato v. Mulhall*, 72 Mo. 522; *Saroga v. O'Neal*, 44 N. Y. 298; *Owen v. Boyle*, 15 Me. 147; *Norris v. Harris*, 15 Cal. 226; R. S. secs. 677, 691; *Hill v. Wilker*, 41 Ga. 449.

GILL, J.—This is an action of replevin brought for the recovery of two horses. The suit originated before a justice of the peace at Kansas City, was tried anew on appeal before the circuit court of Jackson county, where plaintiffs had judgment and defendant appeals to this court.

For the purpose of an understanding of the points decided here, it is sufficient now to say that plaintiffs' claim is based on an alleged chattel mortgage made to them as mortgagees on July 11, 1885, by one L. M. Hendron in Leavenworth county, Kansas, to secure a debt of one hundred and fifty dollars which said Hendron owed to plaintiffs. When the mortgage was executed plaintiffs and Hendron, the mortgagor, all resided in Leavenworth county, Kansas, and, as already stated, the mortgage was there executed, and it would seem the same was recorded in the office of the register of deeds for said Leavenworth county on July 13, 1885. The mortgage, however, was never acknowledged by said Hendron. Plaintiffs found the horses in the possession of defendant Arnold, at Kansas City, Mo.,

where he, Arnold, then resided.   Plaintiff Varney testified that Hendron sold the horses in Kansas City, and that he came here and found them in defendant Arnold's possession.

At the trial of the cause before the court sitting as a jury, at the close of plaintiffs' evidence, the defendant asked the court to declare that under the testimony offered plaintiffs could not recover.   The refusal to so declare the law raises the question now here for review.

Did the mortgage, read in evidence, entitle the plaintiffs to the possession of these horses, of course admitting that they made a case in other respects ?   We think not.

The effect of this instrument under the Missouri statute would be wholly nugatory except as to the parties thereto.   "No mortgage   *   *   *   of personal property   *   *   *   shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee   *   *   *   or unless the mortgage   *   *   *   be acknowledged, or proved, and recorded in the county in which the mortgagor resides in such manner as conveyances of lands are by law directed to be acknowledged or proved and recorded."   R. S., sec. 2503.

Now, is this instrument to be measured by the requirements of this statute, or is it to be determined by the requirements of a Kansas statute, or shall its effect be controlled by the common law ?   It is clear that its efficacy is not in this case to be determined by the Kansas statute, because there was no evidence offered at the trial as to what the Kansas statute may be on the subject, and it is too well settled in this state to require citation of authorities that the courts of Missouri will not take judicial notice of the laws of another state, that they must be proved as other facts. Defendant's counsel claims that, as there is no evidence

as to the laws of Kansas, the courts of this state will presume that the general principles of the common law prevail there, and cites *Morrissey v. Ferry Co.*, 47 Mo. 521. This rule does not apply in all cases. "This presumption can only be indulged with reference to those states, which, prior to becoming members of the Union, were subject to the laws of England." Judge Hough, in *Flato v. Mulhall*, 72 Mo. 525. There the supreme court of this state refused to indulge the presumption that the laws of Texas, in the absence of evidence on the subject, are in effect the same as the common law. The state of Texas was never any portion of the English domain. It was originally a part of the Spanish possessions, and if the common law ever prevailed there it was by virtue of some statutory provision of which the court will not take judicial notice. In this case, *Flato v. Mulhall*, the provisions of the statute laws of Missonri in relation to the liability of a party on a parol promise to accept a draft were held as controlling, in the absence of proof as to the statute laws of Texas where the contract was made.

This case has been several times approvingly cited by the appellate courts of this state and may now be considered as settled, at least we are under a constitutional obligation to follow it. Now the territory embraced within the boundaries of the state of Kansas was never subject to English laws. It formed no part of the English dominions, but was, immediately before its acquisition by the United States government, subject to the French, and prior thereto to the Spanish laws. Under the foregoing rule, then, we are not authorized, in the absence of proof of its statute laws, to presume that the principles of the common law prevail in the state of Kansas, but will presume, in the absence of such proof, that the law of the *lex loci contractus* is the same as the *lex fori*, and accordingly determine the effect to be given the so-called mortgage, read in evidence, in the

light of the Missouri statutes on the subject. *Flato v. Mulhall*, 72 Mo. 522 ; *Sloan v. Torrey*, 78 Mo. 623–625 ; *White v. Chaney*, 20 Mo. App. 389, *Hoffheimer v. Losen*, 24 Mo. App. 652 and authorities cited.

And being so determined by the laws of Missouri this mortgage, not being acknowledged as such laws provide, is void as against *bona-fide* creditors or subsequent purchasers for value. There is some evidence here tending to show that defendant Arnold may be a purchaser such as to claim the benefit of this statute.

As it seems, then, the cause was tried below on an entire misconception of the law governing the case, we think it hardly fair to simply reverse the cause, but will reverse and remand, so that both parties may again have an opportunity to submit the controversy on the theory of the law here announced. Judgment reversed and cause remanded. All concur.