63  333
s72  400

---

AMELIA E. McCLAIN, Respondent, v. JOHN H. ABSHIRE *et al.*, Appellants.

Kansas City Court of Appeals, November 4, 1895.

1. **Married Women:** WIFE'S PROPERTY: POSSESSION: COMMON LAW: STATUTE. At common law, possession of the wife was possession of the husband, and the title was presumptively in the husband. In a contest between the wife and the husband's landlord having claim on the property as the husband's, the presumption of law is that it was owned by the husband, and the jury should be so instructed. This rule of law has not been changed by the married women's act of 1875, except it may be in certain instances.

McClain v. Abshire.

2. ———: WIFE'S SEPARATE PROPERTY: ESTOPPEL. A married woman who constantly consents that her husband hold himself out to the world as the owner of her separate statutable property and permits him to contract debts on its credit, is estopped, when disaster overtakes him, to withdraw the property from the process of law in favor of his creditors; and it is proper to so instruct the jury.

3. Evidence : STATUTES AND DECISIONS OF OTHER STATES. Where the statute and decision of another state are relied upon as determining rights of property, they should be introduced in evidence at the trial, or the courts can not take notice of them.

4. ———: LEASE FROM DEFENDANT TO PLAINTIFF'S HUSBAND. In an action by the wife to recover personal property from her husband's landlord who has a mortgage lease lien thereon, the lease is competent evidence as constituting a link in the defendant's title and tending to estop the plaintiff.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

*L. A. Chapman* and *Frank Sheetz* for appellants.

(1) The court erred in refusing to give instructions numbers 4 and 5, asked by the defendants and refused by the court. The law is plain. *Burns v. Bangert*, 16 Mo. App. 22; *McFerran v. McKinney*, 22 Mo. App. 554; *Hemelreich v. Carlos*, 24 Mo. App. 264; *Weil v. Simmons*, 66 Mo. 620; *McDavit v. Vial*, 11 Atl. Rep. 645; *State v. Pitts*, 12 S. C. 180, 32 Am. Rep. 508; *Reeves v. Webster*, 71 Ill. 307; *Johnson v. Johnson*, 72 Ill. 489. (2) The court erred in refusing the instruction asked by defendants, known as number 6. *Riley v. Vaughan*, 116 Mo. 169; 9 Am. and Eng. Encyclopedia of Law, p. 838; *Gazel v. Palmer*, 81 Ill. 82; *Besson v. Eveland*, 26 N. J. Eq. 471; *Humes v. Scruggs*, 94 U. S. 23; *Hart v. Leete*, 104 Mo. 691; *Ingalls v. Ferguson*, 59 Mo. App. 299; *Rannells v. Gerner*, 80 Mo. 474; *Cottrell v. Spiess*, 23 Mo. App. 36. (3) If there were any evidence in the case, that the

plaintiff was the owner of any of the goods in contro-
versy, she was estopped by her conduct in permitting
her husband to hold himself out as the owner of the
property to the prejudice of the defendants. *Riley v.
Vaughan,* 116 Mo. 169; *Ingalls v. Ferguson,* 59 Mo. 299;
*Rannells v. Gerner,* 80 Mo. 474; *Cottrell v. Spiess,* 23
Mo. App. 35; 9 Am. and Eng. Encyclopedia of Law,
p. 88; *Gazel v. Palmer,* 81 Ill. 82; *Holloway v. Hollo-
way,* 103 Mo. 699.   (4) The goods in controversy, or
at least nearly all of them, were purchased while plain-
tiff and her husband were residing in the state of Kan-
sas, and if the husband did purchase the goods with
money he had gotten from his wife, the property was
his and he simply owed his wife a debt, or she
gave him the money, and we claim that under the
laws of Kansas, her right to contract with her husband
was unrestricted, because the statute of Kansas express-
ly provides that she has the same power with respect
to contracts as a person *sui juris,* or, as the statute
expresses it, "As a married man may in relation to his
real and personal property," they have the same power
as if single.   Kelly's Contracts of Married Women, 386;
*Mooroy v. May,* 9 Kan. 466; *Going v. Orsis,* 8 Kan. 85;
*Faddis v. Woolomes,* 10 Kan. 56; *Riley v. Vaughan,* 116
Mo. 169.   (5) The court committed error in not admit-
ting as evidence, on behalf of the defendants, the lease
made by the defendants, to the husband of the plaintiff.
It not only was a lease but was a lien on all the goods
put in said building by W. W. McLain, the husband of
the plaintiff.   It was a mortgage and was a link in the
chain of evidence, showing that defendants had acted
upon McLain's claim of ownership, and that the plain-
tiff was estopped from claiming the goods were not her
husband's. *Attaway v. Hoskinson,* 37 Mo. App. 132;
*Wright v. Borcher,* 72 Mo. 179; *Ruthford v. Stewart,* 79
Mo. 216; 2 Herman on Estoppel, sec. 1111, p. 1249.

*Oscar L. Smith* for respondent.

(1) Instructions 4 and 5, asked by the defendants and refused by the court, did not declare the law applicable to the case. All of 5 that was applicable at all was given on behalf of plaintiff in instruction 3, and on behalf of defendants in instruction 3. Under the Missouri statute, if property be shown to be the separate property of the wife, then no presumptions can be indulged as to possession; and whether it was her separate property was submitted to the jury by appropriate instructions. Her separate personal property shall not be deemed to have been reduced to possession by the husband, unless by her assent in writing. The husband can not even acquire his wife's separate personal property by gift, unless it be in writing. R. S. 1889, sec. 6869; *McGuire v. Allen,* 108 Mo. 403; *Garrett v. Wagner,* 125 Mo. 450; *Schmidt v. Johnson,* 15 Mo. App. 594; *Rogers v. Bank,* 69 Mo. 560. (2) Instructions 6 and 7, asked by the defendants and refused by the court, were based on the defense of estoppel, and were properly refused. There was no estoppel in the case. The following elements must actually or presumably be present in order to an estoppel by conduct. *First.* There must have been a false representation or a concealment of material facts. *Second.* The representation must have been made with knowledge, actual or virtual, of the facts. *Third.* The party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter. *Fourth.* It must have been made with the intention, actual or virtual, that the other party should act upon it. *Fifth.* The other party must have been induced to act upon it. Bigelow on Estoppel [4 Ed.], 552; *Blodgett v. Perry,* 97 Mo. 263; *Acton v. Dooley,* 74 Mo.

63; *Bales v. Perry*, 51 Mo. 449. (3) In the absence of proof of what the law of Kansas is governing the rights of married women, the courts of this state will presume that the statute law of Kansas is the same as the statute law of Missouri. *Hardware Co. v. Lang*, 54 Mo. App. 147; *Bain v. Arnold*, 33 Mo. App. 631; *Flato v. Mulhall*, 72 Mo. 522.

SMITH P. J.—This is an action of replevin begun by the plaintiff, a married woman, against the defendants, to recover the possession of certain personal property. The case, briefly stated, is about this:

The plaintiff's husband, W. W. McClain, a photographer by occupation, entered into a written lease with defendants for the rent of the second story of a certain brick building, situate in the city of Chillicothe, Missouri, owned by defendant, and by a clause in said lease gave defendants a lien on all the personal property then in said building and which is claimed by defendants to be the same now in controversy. Some months after the plaintiff's husband had taken possession of the building under the lease, he conceived the idea of abandoning the leased building, without payment of the rent then due and to become due, and to that end was proceeding to pack up said property with a view of shipping it to Kansas City. The defendants, on being apprised of this, took possession of the property and declined to permit its removal, claiming that it was subject to a lien for the rent, reserved under the lease. The plaintiff then made claim that the property so detained by defendants was her separate property. There was some evidence tending to show that the plaintiff's husband represented to the defendants that he was the owner of the property and that defendants so believed when the lease was entered into. There was also some further evidence tending to show that

VOL. 63—22

plaintiff's husband then and for some time prior thereto, with the acquiesence and assent of the plaintiff, held himself out to the public as the owner of said personal property and dealt with it in all respects as his own. It does not appear that the plaintiff ever notified defendants that she claimed said property as her own, although she was aware of the lien placed thereon by her husband, under the lease. There was still further evidence tending to show that the plaintiff's father had given her some $3,000 during his life time, and that she had, after his death, received a like amount from the administrator of his estate.

The testimony of the plaintiff was to the effect that most of the property was purchased either by her husband or herself, but with the money derived from her father or his estate. It was admitted by her that some of this property was purchased with money arising out of the business in which her husband was engaged. She further testified that she stayed in the photograph gallery with her husband, assisting him in carrying on his business.

For the purpose of a correct understanding of the questions which we shall presently consider, it is believed the foregoing statement will be sufficient. There was a trial and judgment for the plaintiff. Defendants appeal.

No objection is urged to any of the instructions given by the court. They seem to be apt and proper expressions of the law applicable to the facts which the evidence tended to prove. The defendants, however, object that the court erred in refusing their instructions numbers 4 and 5, which were to the effect that it was conceded by the evidence that the plaintiff was, at the commencement of this suit and for a long time prior thereto, the wife of W. W. McClain and that as to all the property in dispute, whether it was in possession of

the plaintiff or her husband, the presumption of the law was that it was owned by the latter and was purchased by him with his own means and money.

The general rule of law is that the possession of personal property is *prima facie* evidence of ownership, but a like presumption is not indulged in favor of the possession of a married woman. At common law the possession of the wife was the possession of the husband. *Walker v. Walker*, 25 Mo. 367. And whether the possession be physically in the husband or in the wife, or in them jointly, the title is presumptively in the husband. *Burns v. Bangert*, 16 Mo. App. 22; *McFerran v. Kinney*, 22 Mo. App. 554; *Hemelreich v. Carlos*, 24 Mo. App. 264; *Weil v. Simmons*, 66 Mo. loc. cit. 620; *Garrett v. Wagner*, 125 Mo. 450.

In *McFerran v. Kinney*, *supra*, it was remarked by PHILIPS, P. J., that "in *Seitz v. Mitchell*, 4 Otto, 383, it was held that in a contest between a wife and her husband's creditors, mere evidence that she purchased the property during coverture is not sufficient to give her title; it must satisfactorily appear that the property was paid for with her own separate funds and in the absence of such evidence the presumption is a violent one that the husband furnished the means of payment." And precisely to the same effect is the ruling in *Garrett v. Wagner*, *supra*. In *Sloan v. Torry*, 78 Mo. 625, it was said that "the presumption of law is, it (the property) having been acquired during coverture, that it was paid for with the means of her husband."

Has this rule of evidence been in any way modified by the provisions of the act of 1875 (Laws 1875, p. 61), which has been incorporated into the two succeeding revisions of the revised statutes? Sec. 3296, R. S. 1879, and sec. 6869, R. S. 1889. If so, wherein? It may be, as said by Judge THOMPSON in *Burns v. Bangert*, *supra*, that "the rule must, since the passage of this act,

give way, in many cases, to special circumstances which may attend the possession. If the wife be carrying on business in her own name, as a *feme sole* trader— her name on the sign above her place of business, her money in bank in her own name and checked out by her—these circumstances, it is supposed, would rebut the presumption. But it is proper to say that none of the special circumstances that, it is supposed by Judge THOMPSON, would rebut the ordinary presumption, were shown in the present case. With this possible exception, we are unable to perceive that the act has, in any respect, effected a modification of the rule. We must, therefore, think that the fourth and fifth instructions asked by defendants should have been given.

The defendants next object that the court erred in refusing their sixth instruction, which was, in substance, that if the jury believed from the evidence that plaintiff knowingly permitted her husband to hold himself out to the world, and particularly to defendants, as the owner of the property, and failed to notify them of her rights, then she was estopped to claim said property as against the defendants, provided they further found that the plaintiff's husband gave defendants a lien on said property to secure the rents due or to become due, under a lease of defendants' building by plaintiff's husband and defendants took said lien on the property in the belief that the plaintiff's husband was owner thereof, the verdict should be for defendants.

It has been ruled that when a married woman constantly consents that her husband hold himself out to the world as the owner of her separate statutable property and he contracts debts on the credit of it, up to the time when disaster overtakes him, she is estopped to then step in and withdraw from the process of the law, put in motion by creditors, the very property she had permitted him to represent to be his and the

apparent ownership of which had given him business credit and standing. *Riley v. Vaughan,* 116 Mo. 169, and authorities there cited. The defendants' sixth instruction would have perhaps been well enough, had it not been that the court had already given their second, which was similar in enunciation.

The defendants refer us to the statutes of Kansas and to certain adjudications made by the supreme court of that state, to show that their second refused instruction should have been given. It is sufficient to say that neither the statute nor the report of the adjudicated cases referred to were introduced in evidence and therefore we can not notice them. *Hardware Co. v. Lang,* 54 Mo. App. 147 ; *Flato v. Mulhall,* 72 Mo. 522 ; *Sloan v. Torry,* 78 Mo. 623.

The court erred, we think, in refusing to permit the introduction in evidence by defendants of the lease from them to the plaintiff's husband. Under a clause thereof the plaintiff's husband gave the defendants a lien on all the goods put in the building by him, to secure the rent. It was in the nature of a mortgage, having been properly acknowledged and recorded, and constituted an important link in the chain of evidence, tending to show that defendants acted upon the claim of ownership made by the plaintiff's husband, and that plaintiff was estopped to claim the property was not that of her husband.

Our attention has been call to no other error deemed prejudical to the defendants. It results that the judgment will be reversed and cause remanded. All concur.