M. G. SHELEY *et al.* v. WILLIAM SAMPSON.
No. 82.

1. MATERIAL ALTERATION — *changing "from maturity" to "from date" is.* Changing the time when interest should run on a promissory note by making it read "from date" instead of "from maturity," is a material alteration thereof, of the same character as if it changed the amount of the principal; and the instrument is avoided when the alteration is made without the consent of the makers.

2. ——— *intention of party making, immaterial.* And such alteration vitiates it regardless of the intention of the party making such change.

Error from Norton District Court. Hon. G. Webb Bertram, Judge. Opinion filed December 4, 1896. *Reversed.*

466          SHELEY v. SAMPSON.

N. Dept.          Opinion.   Gilkeson, P. J.          5 Kan. App.

Plaintiffs in error, defendants below, had given their promissory note to the defendant in error, and a chattel mortgage upon certain stock to secure payment. The note not being paid at maturity, the defendant in error as plaintiff below began his action of replevin to secure possession of the mortgaged property. The defendants alleged as a matter of defense that, after the execution of the note and while it was in the plaintiff's hands, it was, without the knowledge or consent of the defendants, materially altered by the erasure of the word "maturity" and the insertion instead of the word "date," whereby the note was made to read "ten per cent. interest from *date*," instead of "ten per cent. interest from *maturity*." Upon the trial of the case the plaintiff in his testimony practically admitted the alteration, but contended that it was made pursuant to the original agreement of the parties, without fraudulent intent. The court instructed the jury that, if the alteration was fraudulently made, the plaintiff could not recover; but if it was made in pursuance of the original agreement of the parties, then the plaintiff should recover. The jury returned a verdict for the plaintiff. The defendants' motion for a new trial being overruled, they bring the case to this court, alleging particular error in the instructions of the court below.

*L. H. Thompson*, for plaintiffs in error.

*J. R. Hamilton*, for defendant in error.

GILKESON, P. J.   There can be no question as to the alteration having been made. Any change in the terms of a written contract which varies its original effect and operation, whether in respect to the obligation it imports or to its force as a matter of evidence,

SHELEY v. SAMPSON.                        467

Dec. 4, 1896.      Opinion.   Gilkeson, P. J.            W. Div.

when made by any party to the contract is an altera-
tion thereof, unless all the other parties to the contract
give their express or implied consent to such change ;
and the effect of such alteration is to nullify and de-
stroy the altered instrument as a legal obligation.

It is no answer to a plea of alteration that its opera-
tion is favorable to the parties affected by it.   No man
has a right to vary another's obligations at his discre-
tion, whether for his good or ill.   When varied it
ceases to be that other's act, and it suffices for him to
say, "*Non hæc in fœdera veni.*"

"Alterations may consist in changing *first*, its date,
or *second*, the time, or *third*, the place of payment, or
*fourth*, the amount of principal, or *fifth*, interest to be
paid, or *sixth*, the medium or currency in which pay-
ment is to be made, or *seventh*, the number or relations
of the parties or in, *eighth*, the character and effect of
the instrument as matter of obligation or evidence."
Daniel's Negotiable Instruments, vol. 2, § 1375.

And in commenting on the fifth item he says :

"In the *fifth* place, as to interest, any addition of
words making the bill or note bear interest when it
originally did not, or changing the time when interest
should run, or varying the percentage of interest, is
of the same character as if it changed the principal."
§ 1385.

But it is contended by defendant in error that,
unless the change was made fraudulently and it was
so proven, the defendant could not obtain any advan-
tage by the change ; and the court below took this
view of it, as shown by the instructions.

We cannot agree in this.   While there are authori-
ties which hold to this view, we think the highest and
best are to the effect that " if the alteration is mate-
rial that the instrument is avoided ; the alteration
vitiates it regardless of intentions." *Angle v. North-*

468        SHELEY v. SAMPSON.

N. Dept.        Opinion.   Gilkeson, P. J.        5 Kan. App.

*western Ins. Co.*, 92 U. S. 342; *Harst v. Klepper*, 28 Ohio St. 200; *Booth v. Powers*, 56 N. Y. 31; *Moore v. Hutchinson*, 69 Mo. 429. And we think this rule should have been adopted in this case.

In *Davis v. Eppler* (38 Kan. 633), the court in passing upon this question says:

" We believe it would be a dangerous rule to allow written contracts, more especially negotiable paper, to be altered without the consent of the maker, or parties who are bound by the indorsement. It is intended that such instruments shall pass into the hands of those who may become interested in them, without addition or alteration, and without the fear that they may have been altered. The facilities for making alterations are numerous, and the difficulty of proving them great; all means should be employed to impress a sense of their inviolability upon the minds of those who have them in their possession."

In *Evans v. Foreman* (60 Mo. 494) it is said:

" If mistakes do arise in the preparation of written instruments, aside from the consent of all parties to the needed correction, the courts of the country alone can furnish adequate redress, and will not give sanction or countenance to the attempts of an interested party to effect by his own hand the desired reformation; as an honest blunder of this sort if upheld in one instance, might necessitate sanctioning an alteration having that appearance, but which, from the infirmity of human testimony, might be grossly otherwise."

It is the policy of the law to allow no tampering with written instruments. The holder of a note has no right to alter it without the consent of all the parties interested, and such unwarranted alteration should make it null in his hands, no matter how pure his motive may have been in making the alteration. *Bank of Springfield v. Fricke*, 75 Mo. 178; *Moore v. Hutchinson*, 69 id. 429; *Neff v. Horner*, 63 Pa. St. 327;

*Fraker v. Cullum*, 21 Kan. 556 ; *Horn v. Newton City Bank*, 32 id. 518.

The judgment in this case will be reversed and the case remanded for new trial.