WILLIAM SIMPSON v. M. G. SHELEY AND ANASTASIA SHELEY.

'No. 168. (60 Pac. 1098.)

CHATTEL MORTGAGE—*Alteration of Note—Proof of Debt.*  A lien created by chattel mortgage upon personal property may be enforced by replevin, notwithstanding a material alteration has been made of the note evidencing the debt which the-mortgage was given to secure, if such alteration was made innocently and without any intention to defraud or injure the payer, and the debt intended to be secured still exists and can be established independent of the altered note.

Error from Norton district court; A. C. T. GEIGER, judge.   Opinion filed April 8, 1900.   Reversed.

### STATEMENT.

SIMPSON, in his lifetime, instituted this suit to recover the possession of personal property mortgaged to him by the defendants in error to secure the payment of an indebtedness evidenced by a promissory note.   He obtained a judgment, which was reversed by this court on December 4, 1896.   The case is reported in 5 Kan. App. 465, 46 Pac. 994.   It was determined by that decision that changing the time when interest should begin to accrue on a promissory note, so as to make it read from date instead of from maturity, was a material alteration of the note, and, being without the consent of the makers, avoided it, regardless of the honesty of intention of the party making such change.   A new trial was directed. Upon the case coming up for further consideration by the district court of Norton county, the plaintiff, by leave of the court, filed an amended petition, in which he made the following allegations :

" That said mortgage was given to secure the pre-existing debt, which was secured by a chattel mort-

gage upon the same personal property described in the chattel mortgage herein set forth; that the chattel mortgage herein was but a continuation of the lien created by the previous chattel mortgage; that both said chattel mortgages were given to secure the payment of a debt for the purchase-price of said personal property therein described, with interest thereon at the rate of ten per cent. per annum."

The chattel mortgage was attached to the petition as an exhibit. It recites that it was given for the purpose of securing payment of $150.25 and interest, according to the condition of one promissory note of even date therewith, payable December 1, 1891, and it is "provided, that if the undersigned shall pay the said debt then the mortgage shall be void"; that if default be made in the payment of said debt the mortgagees are authorized to enter upon the premises where the property might be, and remove and sell the same at public or private sale without notice, and out of the proceeds retain the amount of the debt, with interest and expenses. There is no provision authorizing the mortgagor to retain possession, or giving him the right of possession, during the existence of the mortgage. On motion of the defendants, the above-recited allegations were stricken from the petition as redundant and immaterial. As a defense to the petition, the defendants then answered, pleading the change of the promissory note above alluded to. To this the plaintiff replied:

"That the debt for which the mortgage was given existed long before the execution of the mortgage or note; that it was secured by a prior mortgage upon the same property, and that the mortgage attached to the petition was but a renewal of the former mortgage to secure the same debt; that the note was given for the actual amount of a preexisting debt, which was at the time long past due, and for the amount then

actually due, including no interest, covering the period of extension ; that the said interest covering the time of extension was not paid at any time ; that it was not the agreement of the parties at the time it was executed and delivered."

Upon the trial of the case, and at the February term, 1898, the only contention of the defendants was that there had been a material alteration in the note, so that the chattel mortgage was without consideration. The plaintiff tendered proof in support of the issues in his behalf, for the purpose of showing on what consideration the mortgage was given, and the circumstances under which it was given, and that the debt was not paid. To this, objection was interposed by the defendants that, inasmuch as it was admitted that the note had been altered, as stated in the reply, there was nothing left in the case on behalf of the plaintiff to which evidence could be addressed ; that is, that there was left no case for the plaintiff upon the pleadings. This objection was sustained by the district court, the plaintiff excepting. It was then admitted by the parties that the property had been taken by the sheriff under the writ and delivered to the plaintiff, and that he had not returned it to the defendants. The plaintiff sought to prove that the property was of less value than that stated in his affidavit of replevin and petition, to which objection was made by the defendants and sustained by the court, and, thereupon, the court discharged the jury and rendered judgment for the defendants for a return of the property, or, if return could not be had, for the value as alleged in the petition and affidavit of replevin, to wit, $290, with interest from November 11, 1892, at six per cent., being in the aggregate $331.80.

Simpson v. Sheley.

*John R. Hamilton*, for plaintiff in error.

*L. H. Thompson*, and *T. W. Simmons*, for defendants in error.

The opinion of the court was delivered by

MAHAN, P. J. : The question presented in this case by the record and by the briefs and arguments of counsel is whether a lien created upon personal property by chattel mortgage can be enforced where it appears that the note evidencing the debt which the mortgage was given to secure has been materially altered in its terms by the payee, innocently.

It is contended that this was decided by the court in this case in its opinion filed December 4, 1896, and reported in *Sheley v. Simpson*, 5 Kan. App. 465, 46 Pac. 994. We do not construe the opinion as determining this question at all. It would appear from the opinion itself that the plaintiff relied upon the note as evidence of the debt.

Without going into a discussion of the principles of law involved in the case, we content ourselves with saying that justice and the authorities unite in holding that in such a case the mortgagee may enforce his mortgage notwithstanding the alteration of the note, if the debt still exists and can be proved independently of the altered note.   See *Clough v. Seay*, 49 Iowa, 111 ; *Vogle v. Ripper*, 34 Ill. 100 ; *Sloan v. Rice*, 41 Iowa, 465 ; 2 A. & E. Encycl. of L. (2d ed.) 202.   It necessarily follows that the trial court erred, and its judgment must be reversed, with directions to award the plaintiff a new trial.