McKENZIE CARPET COMPANY, Appellant, v. EDNA LEFFLER, Respondent.

**Kansas City Court of Appeals, April 3, 1916.**

1. **REPLEVIN: Husband and Wife: Separation: Possession: Furniture.** The husband was the owner of household furniture. Then he and his wife separated, she taking the furniture and living apart from her husband. After the separation he gave a bill of sale for the furniture. It was *held* that her possession made her the presumptive owner.

2. ————: ————: **Presumption: Possession.** When a husband and wife are separated, though not divorced, any presumption that the wife's possession is the possession of the husband ceases.

3. ————: ————: **Evidence: Admission of Evidence.** Evidence that a wife living separate from her husband said that her husband ought to give her the furniture then in her possession, is admissible as tending to rebut her ownership, arising alone on her posesion.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

REVERSED AND REMANDED.

*C. C. Kelly* for appellant.

*Paul Barnett* and *Hall, Robertson & O'Bannon* for respondent.

ELLISON, P. J.—Plaintiff's action, begun in the circuit court, is in replevin to recover possession of a lot of household furniture. Affidavit and bond were filed and the property taken from defendant and delivered to plaintiff. The court gave an instruction for defendant in the nature of a demurrer to the evidence in plaintiff's behalf and the latter took a nonsuit.

It appears from the evidence that defendant is the wife of James Leffler, though they have separated. That while they were living together James bought of plaintiff the furniture in controversy for the price of $551, on which he made payments reducing the balance due to $312. It further appears that in consideration of this balance, James, by written bill of sale, sold the furniture back to plaintiff; but no delivery was made and defendant, then living apart from him, was in possession of the property.

On this state of the evidence, considered apart from an offer of proof made by defendant, the title to the property, should be held to be in the defendant. The possession in defendant raises presumption of title. [O'Malley v. Construction Co., 225 Mo. 386.]

But it is said that in the instance of a married woman on a contest between her and her husband, the presumption will be that the possession is in the husband. [Burns v. Bangert, 16 Mo. App. 22, 25; McClain v. Abshire, 63 Mo. App. 333, 339.]

If we concede that to be true when the husband and wife are living together, when they have separated, though not divorced, the presumption in favor of the husband does not obtain, and the wife's possession will be presumed to be in her own right.

192 App. 39

But it was plaintiff's right to rebut the presumption of title in defendant arising alone on possession and to do so it offered to prove that when it obtained the bill of sale and sent for the property, defendant stated that her husband "ought to pay for this property and then give it to her." This should not have been excluded. It had a tendency to show that defendant, though in possession of the property, did not own it.

Defendant claims in her statement and brief that this evidence was offered after the case had been closed. But the abstract does not so show it, and, in the absence of a counter-abstract, we must accept that of the appellant. If a counter-abstract had been presented by respondent and not agreed to by appellant we then, under the statute, would be required to send for the bill of exceptions.

But even if the evidence was offered on a reopening of the case, it must have been reopened by consent of the court. The evidence was not excluded on account of time when offered, but that it was considered not to affect the case.

Other suggestions were made which may not arise on retrial. The judgment is reversed and cause remanded. All concur.