F. W. Flato, Jr., Plaintiff in Error, v. Joseph Mulhall et al., Defendants in Error.

### November 20, 1877.

A parol promise to accept a future bill of exchange, in consideration of money to be advanced thereon by the promisee, is invalid, and an action thereon cannot be maintained against the promisor.

Error to St. Louis Circuit Court.

*Affirmed.*

Farish & Griffin, for plaintiff in error, cited: *Scudder* v. *Union National Bank*, 2 Cent. L. J. 829; *Townsley* v. *Sumrall*, 2 Pet. 176; *Boyce* v. *Edwards*, 4 Pet. 111.

H. B. O'Reilly, for defendants in error, cited: Wag. Stat. 1012, sec. 2.

Lewis, P. J., delivered the opinion of the court.

The petition charges that defendant Mulhall, as a partner in the firm of Mulhall & Scaling, promised the plaintiff, orally, that if he would advance money on any drafts to be drawn by Beauchamp & Alexander on said firm, such drafts would be duly honored and paid; that afterwards two such drafts were drawn, one for $1,515 and the other for $1,010, upon both of which plaintiff, in exact accordance with the promise and direction of defendant Mulhall, as stated, advanced the several sums therein mentioned; but that defendants, Mulhall & Scaling, refused to accept said drafts, and the same remain unpaid.

The cause was tried before the court, sitting as a jury. The testimony was conflicting as to whether any such promise as that declared upon was ever made. The plaintiff offered a number of instructions, to the general effect that if the allegations in the petition were sustained the plaintiff should recover. These the court refused, and judgment was rendered for defendants.

The only question to be here determined is whether, upon

a parol promise to accept a future bill of exchange, in consideration of money to be advanced thereon by the promisee, an action can be sustained in Missouri. Our statute declares as follows (Wag. Stat. 214):

"Sec. 1. No person within this State shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent."

"Sec. 3. An unconditional promise in writing, to accept a bill, before it is drawn, shall be deemed an actual acceptance in favor of every person to whom such written promise shall have been shown, and who, upon the faith thereof, shall have received the bill for a valuable consideration."

It is contended for the plaintiff that, while under the statute an actual parol acceptance, whether upon valuable consideration or otherwise, is invalid, yet a parol promise to accept, if supported by a consideration, may be enforced as a common-law obligation. Thus, the promise to assume an undertaking is made more effectual than the undertaking itself. The statement of the proposition seems to furnish its own refutation. Our legislative wisdom has required an enduring form of evidence to establish the liability of an acceptor. It could never have intended that the more fleeting and uncertain testimony should suffice to fasten an equal measure of liability upon one who only says he will be an acceptor. If we admit such an absurdity, a like one must be inferred from the provisions of the 3d section. It will follow that while the liabilities of an actual acceptance can result from a promise to accept only when this is reduced to writing, yet, if there be no writing, the same liabilities will arise under a different name. The general effect, as applied to the present case, would be that, if defendant Mulhall had said to the plaintiff, "In consideration of your advances, I accept the bill," no action could be maintained against him under our statute. But if he said, "In consideration of your advances, I will hereafter accept the

bill," the right of recovery would be complete. We are not prepared to endorse such a fraud upon the purposes of the statute.

Plaintiff's counsel refer us to a number of decisions wherein a drawee's promise to accept was held to be binding on him when advances were made by the promisee on the faith of the promise. But they are, without exception, adjudications in States where the common-law validity of parol acceptances remains undisturbed. They assume that such promises are, in effect, actual acceptances; and hence results the common-law liability which statute law has abrogated in Missouri.

One of the cases cited is *Scudder* v. *Union National Bank*, 1 Otto, 406. A bill of exchange was drawn in Chicago on a mercantile firm in St. Louis. A member of the St. Louis firm was present at the time, and, by a promise that his house would accept the bill, induced the bank to discount it. The chief matter of contest was whether the case was to be controlled by the law of Missouri or that of Illinois, it being evidently understood that if by the former, there was no liability. The United States Supreme Court examined the statutes of both States. It was held that the question of liability on the undertaking was to be determined by the law of Illinois, and that "in Illinois a parol acceptance of a bill of exchange is valid, and a parol promise to accept it is an acceptance thereof." If this authority settles any thing with reference to Missouri law, it is that in this State, a parol acceptance being invalid, a parol promise to accept is equally so.

All the judges concurring, the judgment is affirmed.