THE FIRST NATIONAL BANK OF RULO, NEBRASKA, Plaintiff in Error, v. THOMAS P. GORDON *et al.*, Defendants in Error.

### Kansas City Court of Appeals, May 11, 1891.

Bills and Notes : PROMISE TO ACCEPT FUTURE BILL : STATUTE. A parol promise to accept a future bill of exchange, though supported by the consideration of money to be advanced by the promisee, is invalid, and an action thereon cannot be maintained against the promisor. *Quœre,* whether an action for money had and received will lie.

*Appeal from Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

AFFIRMED.

*Culver*, *Davis & Grubb*, for plaintiff in error.

The theory upon which the defendants' attorneys demurred to the petition, and upon which the court sustained the demurrer, is that the petition is based only upon the non-payment of a draft, and that it is to be regarded as merely founded upon commercial paper, and to be governed by the rules relating to that, and that alone.   We contend that this view is erroneous, and that the petition states a cause of action in alleging the breach of a verbal contract, founded upon a good consideration, and of which the draft in question was merely an incident.   The case of *Clements v. Yeates* was passed upon by the St. Louis Court of Appeals, at the October term, 1876.   It is a case parallel with the case under discussion.   The judgment was reversed and cause remanded by the supreme court in 69 Mo. 623.

*Woodson & Woodson*, for defendants in error.

( 1 )  Plaintiff in error tries to escape the statute, by saying that it had an interest in the live stock purchased by McCoy, and that defendants agreed to recognize and protect same.   But how did defendants agree to recognize plaintiff's interest ?   *Answer*. By verbally agreeing to honor and pay all drafts drawn by McCoy. (2 )   " No person within this state shall be charged as an acceptor of a bill of exchange unless his acceptance shall be in writing, signed by himself or his lawful agent."   R. S. 1879, sec. 533 ; R. S. 1889, sec. 719.  ( 3 ) The payee of a draft cannot enforce against the drawee a parol promise to accept. *Flato v. Mulhall*, 72 Mo. 522.  ( 4 )   The plaintiff is not benefited by the provisions of section 537 of the Revised Statutes of 1879, because it is not the drawee of the bill, nor has it negotiated the same.   *Flato v. Mulhall*, 72 Mo. 526 ;  *Brinkman v. Hunter*, 73 Mo. 172, 181;

*Bank v. Bank*, 30 Mo. App. 272, 276. (5) It is well settled that no action lies in favor of the payee against the drawee for non-acceptance of a draft, and the rule is not changed by showing that the draft was given in payment of live stock bought of the payee by the drawee and consigned by the taker to the drawee, and was drawn against this consignment, and the drawee afterwards received the live stock and sold them for more than enough to pay the draft. *Clements v. Yeates*, 69 Mo. 623; *Phillips v. Mastbrook*, 24 Mo. App. 132.

SMITH, P. J.—The petition charges that plaintiff agreed to advance McCoy money with which to buy live stock and in consideration of which McCoy was to make to plaintiff his drafts on the consignee of such live stock bought, in amounts equal to the advancement; that defendants as consignees of McCoy verbally agreed with plaintiff that they would receive all live stock consigned to them by McCoy under his agreement with plaintiff and honor and pay all McCoy's drafts drawn on them in favor of the plaintiff to the extent of the proceeds realized from the sale of any consignment made by McCoy to them; that afterwards in pursuance of the agreement advancements were made to McCoy by plaintiff and a number of drafts were drawn, and among them was the one sued on for $779.30, which the defendants, although they had in their hands the proceeds of a consignment of live stock purchased by McCoy, with the advancement made by plaintiff for which the draft was given, refused to pay it, etc. The defendants interposed a demurrer which was sustained and judgment rendered, and plaintiff brings the cause here by writ of error.

The only question which we have here to decide is, whether a parol promise to accept a future bill of exchange, in consideration of money to be advanced thereon by the promisee, can sustain an action. This case is not distinguishable from that of *Flato v. Mulhall*, 4 Mo. App. 476; s. c., 72 Mo. 522, where it was

expressly determined that a parol promise to accept a future bill of exchange, if supported by the consideration of money to be advanced thereon by the promisee, is invalid under our statute, Revised Statutes, 1879, sections 533, 535 and 537, and that an action thereon cannot be maintained against the promisor. We think the case just cited is decisive of this. While not so deciding, I am inclined to think, in an equitable action for money had and received, that the plaintiff could recover against defendants. In that kind of an action plaintiff under the familiar principles of subrogation could be placed in McCoy's shoes in respect to the proceeds of the sale of the consignment of stock in their hands.

The judgment of the circuit court will be affirmed. All concur.