————o————

J. H. TERRY, TRUSTEE, ETC., Appellant, vs. ANDREW WILSON, Respondent.

1. *Husband and wife—Separate Estate—Promissory note of husband to wife.*— Where a wife at the time of her marriage is possessed of chattels or money, in which she has no separate estate, as they are choses in possession, and not choses in action, if her husband uses them and executes to her his promissory notes therefor, she cannot claim to be his creditor, or stand in any other relation than that of a mere volunteer. The use of the money or chattels would constitute no consideration for such notes, as he would simply be using what, in law, was already his own. Such notes might not be nullities, but the rights acquired by her under them would be subject to the rights of creditors of the husband whose debts existed at the time the note was given.

2. *Husband and wife—Property of wife—Deed of trust of husband to secure note to wife.*—Where a husband appropriated to his own use property in possession of his wife, and executed an ordinary deed of trust to secure the payment of notes given therefor, such deed of trust did not create a separate estate for the wife, but had no further effect than if the note had been given to a stranger, and such deed will not protect the property from execution in favor of his creditor existing at the time it was executed.

3. *Mortgages and deeds of trust—Exemption from execution cannot be set up by trustee.*—Where property exempt from execution has been conveyed by deed of trust to secure a debt, the trustee cannot set up such exemption against an execution.

### *Appeal from Jefferson Circuit Court.*

*John H. Thomas & Bro.*, for Appellant.

I. In the absence of fraud, the deed of trust read in evidence conveyed the legal title to the property in controversy.

II. A husband can bind himself in equity by borrowing money from his wife, and giving her his note for it. (Huber vs. Huber, 10 Ohio, 371 ; Manning vs. Style, 3 P. Williams, 337 ; Maraman's Adm'r vs. Maraman, 4 Metc. [N. Y.] 84 ; Deming vs. Williams, 26 N. H. 226 ; Wood vs. Warden, 20 Ohio, 518 ; Doyle vs. McGuire, 38 Iowa, 410 ; see also, 2 Sto. Eq. §§ 1372, 1373, 1380 ; 2 Kent Com. 147, 154, 163.)

III. Gibson never reduced the money and property for which he gave the note and deed of trust to his marital possession. Conversion by the husband of the wife's personal property is not a reduction to his possession, but only evidence of it, and therefore conversion may be explained by other evidence, negativing the husband's intention to reduce to possession in such a manner as to transfer title ; and the giving of a note, receipt or certificate for the money or property, and even stating verbally before and after the receipt of the money or property that it belonged to the wife, have been held sufficient to rebut the presumption that the husband intended to reduce the money or property to his marital possession. (Bishop Mar. Wom. §§ 120–23 ; Hind's Est., 5 Whart. 138 ; *In re.* Gray's Est., 4 Penn. 327 ; 31 Penn. 450 ; Tennison vs. Tennison, 46 Mo. 77 ; Hall vs. Young, 37 N. H. 147 ; George vs. Cutting, 46 N. H.

130 ; Tillman vs. Tillman, 50 Mo. 40 ; *In re.* Goebenaur's Est. 23 Penn. 460 ; Waddingham vs. Loker, 44 Mo. 132 ; McLaran vs. Mead, 48 Mo. 115.)

IV. This note and deed of trust created in Mrs. Gibson a separate estate in the money and property she delivered to her husband. While in conveyances from third persons to a married woman, appropriate words must be-used in order to create in her a separate estate, yet a conveyance by a husband to his wife is presumed to be to her separate use, and likewise the giving of a note to a wife by a husband for money she loaned him is presumed to be to her separate and sole use ; for by giving his note to her, it must be presumed he intended to pay her the money to her separate use ; otherwise his note, which he must have designed to have some effect, can have none in law or equity. (Huber vs. Huber, *supra ;* Manning vs. Style, *supra ;* Maraman's Adm'r vs. Maraman, 4 Metc., *supra ;* Seins vs. Ricketts, 35 Ind. 181 ; Simmons vs. McElwaine, 26 Barb. 419 ; Wilder vs. Brooks, 10 Minn. 50.)

V. The above authorities establish the doctrine, beyond controversy, that the note of Gibson, given for property and money of the wife loaned, is valid in equity, and it follows, as a necessary corollary from this, that the husband could convey the property in question to a trustee to secure his indebtedness to his wife, and that the conveyances transfer to him (the trustee) a legal title. While husband and wife cannot contract, so as to bind themselves at law, yet this can be done through the medium of trustees. Terry, therefore, held the legal title to the property mentioned in the deed of trust to secure the wife's equitable claim, evidenced by the note. (1 Bish. Law Mar. Wom. § 712.)

VI. The sale in this case was void, for the reason that Mrs. Gibson claimed the property as specially exempt from levy and sale, and of this claim respondent had notice at the time of the sale. (Wagn. Stat. 603, §§ 9, 11, 12, 13.)

*Amos Green, with Samuel Byron,* for Respondent.

I. The mule in controversy belonged to Parolee Gibson before her marriage with Robert W. Gibson, hence, the title thereto

vested in her husband upon the marriage, and such property was therefore liable for his debts contracted after such marriage. And the mule having been sold under an execution against Robert W. Gibson, and bought by the respondent, his title thereto is indisputable. (Hendrickson vs. St. Louis & I. M. R. R. Co., 34 Mo. 188 ; Smith vs. Sterrett, 24 Mo. 260.)

II. The deed of trust is invalid to vest said property in such trustee, as the note from husband to wife is void at law as a contract.

III. Said deed of trust is not and does not even have the semblance of being intended for a separate property deed, conveying said property to said trustee, for the sole and separate use of Parolee Gibson. It merely conveys the property to the trustee to hold, with power to sell when the note from R. W. Gibson to his wife Parolee becomes due, and then to pay over the money to the wife, which (as soon as she gets it) becomes *instanter* the property of the husband. It is manifest such a transaction cannot be sustained at law. And, being void in law, no title to the property in question vested in the trustee ; and, having no legal title, he can maintain no action to recover the property.

IV. The trustee has neither the legal nor equitable title to said property. The deed not being a separate property deed, does not invest him with the equitable title, and being invalid at law, he has no title whatever to the property. The deed is invalid, because it is given to secure the payment of a void debt—a promissory note from husband to wife. (Woodford vs. Stephens, 51 Mo. 443.)

Hough, Judge, delivered the opinion of the court.

This was an action under the statute in relation to the claim and delivery of personal property.

On the 17th day of April, 1871, R. W. Gibson executed and delivered to his wife, Parolee Gibson, his promissory note for the sum of $3,000, payable one year after date, and to secure the payment thereof, executed on the same day a deed of trust, in which his wife joined, whereby he conveyed to the plaintiff, Terry, as trustee, one hundred and sixty acres of land, a number

of horses, mules and other live stock and certain farming implements, with power to sell the same in event of default in the payment of the note, and to apply the proceeds of such sale to the payment thereof.

At the time of this conveyance Gibson was indebted to one Jennie for merchandise, and on the 22d day of September, 1871, executed his note for the amount of said indebtedness. Judgment was rendered against Gibson on said note, and on the 19th of March, 1872, execution was issued which was levied upon one of the mules conveyed to Terry by the trust deed aforesaid, and on the 17th day of June, 1872, said mule was sold under said execution to the defendant, Wilson.

Default having been made by Gibson in the payment of the note to his wife at its maturity, and the property conveyed in the trust deed never having been sold, Terry, the trustee, brought the present suit to recover the possession of the mule bought by the defendant Wilson, at the execution sale. The trust deed was duly recorded on the 21st of April, 1871. There was some testimony tending to show that the deed of trust included all the property of R. W. Gibson. Mrs. Parolee Gibson testified that she and her husband, R. W. Gibson, were married in 1869; that at the date of the marriage she had $2,100 in money, part of which she had herself earned, and a part she had received from her stepfather; that she also owned certain personal property, consisting of a wagon, horses, sheep and the property sued for, which added to the $2,100, made the sum of $3,000, for which her husband gave the note, which the trust deed was made to secure. She further stated that she kept the $2,100 in her hands until the note and trust deed were given.

The plaintiff also claimed that the mule was exempt from execution, but as we do not think that the personal privileges in this regard of the grantor in the trust deed can be asserted by the trustee, this point will not be further noticed.

There was a verdict and judgment for the defendant from which the plaintiff has appealed.

32—VOL. LXIII.

The defendant contends that the note from Gibson to his wife was a nullity, and that the deed of trust made to secure it must fall with the note.

The deed from Gibson to Terry cannot be regarded as conveying the property embraced in it for the sole and separate use of Mrs. Gibson. It was an ordinary trust deed with power in the trustee to sell the property conveyed for the payment of the note secured thereby. It would have been equally appropriate in all its parts as security for the payment of a note to a person other than his wife. The property was conveyed in trust to pay a debt, and was held by the trustee as much in trust for the grantor as for the beneficiary. Whether there was a resulting trust to the sole use of the grantor will depend upon the force and effect to be given to the note which it was made to secure.

A husband may undoubtedly make a direct gift of chattels to his wife, which will be upheld in equity if the same be delivered to her, and his intention to create a separate property in her in respect thereto be at the time *clearly* and *conclusively* manifested. The common law rule, that as to *choses* in possession the possession of the wife is the possession of the husband, is based upon the doctrine of the absolute unity in law of husband and wife. But in the contemplation of courts of equity the wife may have a separate existence and separate possessions, and though the possession of the wife is *prima facie* the possession of the husband, such possession may be shown to be separate and distinct in her. (Bishop's Law of Married Women, § 731.) While a gift of money by the husband to the wife, to be held by her as her separate property, may therefore be upheld, a bare promise by the husband to pay money to the wife, as by promissory note for instance, occupies a more doubtful attitude, and would seem to indicate, by implication only, any purpose on his part, to create in her a separate estate.

The wife may undoubtedly become a creditor of the husband by contract between them after marriage, and her rights as such would be enforceable against him and his representatives. Where, for example, the wife is possessed of a separate estate and permits the same to be used by the husband for the payment of his

debts, taking his promissory note therefor, she would occupy the same relation to him, and be entitled to like privileges, as other creditors. (Sto. Eq., § 1373.)

And her rights under a deed of trust made to secure the payment of such note should, it would seem, be superior to the rights of an execution creditor acquired subsequent to the registry of such deed. So, if the wife have *choses in action* and the husband should at the time of appropriating them to his own use make positive, precise and clear declarations that he took the same only as her trustee, and should promise to account therefor to her, the wife might claim the fund used as her own, even against his creditors. (Bishop's Law, Married Women, § 123.) An appropriation so made would not amount to a reduction by the husband of such *choses in action* to his possession. It is well settled that it is optional with the husband whether he will reduce the wife's *choses in action* to his possession, and if he do not his creditors cannot claim to have them applied to the payment of his debts, and in the event of his death they will survive to her. We do not of course refer in this statement to post-nuptial *choses in action* created with money furnished by the husband.

But where the wife is possessed of chattels or money at the time of her marriage, in which she has no separate estate, as such chattels and money are *choses in possession* and not *choses in action*, if the husband uses the same and executes to her his promissory note therefor, we do not see how she can thereby claim to be his creditor or stand in any other relation to him, as payee of such note, than that of a mere volunteer. The use of the money would certainly constitute no sufficient consideration for the promise, as in such case he would only be using what was in law already his own, and the note would, under the most favorable view which could be taken of the transaction, amount only to a voluntary settlement upon her.

In transactions between husband and wife, as between other persons, a distinction is to be taken between those which have a valuable consideration to support them, and those which have not. (1 Bish. Law Mar. Women, § 720.)

In the case of Huber vs. Huber's administrator (10 Ohio, 371) it was held that a promissory note made by the husband to the wife for money in her possession at the time of the marriage, which had been used by him, amounted to a gift to the wife to her separate use. To the same effect is Wood vs. Warden's administrator (20 Ohio, 518).

In the case of Denning vs. Williams (26 Conn. 226) certain shares of bank stock belonging to the wife at the marriage were transferred by the husband into his own name on the books of the bank, used by him as security for a loan, and afterwards re-transferred to his wife, together with other shares purchased by himself. The court, passing by the question whether the stock was property in possession, and confining its observations to the question whether the transfer was to her separate use, said : "We cannot believe that the husband, in order to be irrevocably bound, must use language to that effect, or covenant that he will not resume or sell the thing he has given to his wife. When a stranger gives to the wife it is true that words of exclusiveness are necessary, for otherwise the unity of the husband and wife would carry to the husband alone a gift of personal property made to the wife. But when the husband himself gives to his wife this cannot be necessary, and we are confident no case can be found which upholds such a doctrine."

In the case of Maraman's administrator vs. Maraman (4 Metc. 84) a promissory note was given by the husband to the wife for the proceeds of real property, not her separate estate, conveyed by her at his instance, to pay his debts ; and the court held that it was not necessary, in order to give her a right to the money for her separate use, that the notes should be so expressed. The court said : "Maraman must be regarded as having agreed to pay the money to his wife for her separate use ; otherwise his note, which he must have designed to have some effect, can have none in law or equity ;" and her claim was enforced against the estate, subject, however, to the rights of creditors, on the ground that her claim was a mere equity, and there was no legal demand to which she could be substituted. But we do not see why her rights in this case should not be as great as where her *choses in*

*action* had been appropriated under a promise to refund, for he might reduce her *choses in action* to his possession at his pleasure, whereas he could not compel the conveyance of her land, nor could it be made but by her consent obtained on privy examination.

If the doctrine announced in the foregoing cases be conceded to be correct, the note of Gibson to his wife cannot be considered as a nullity, but the rights acquired by her and the trustee (Terry) would be subject certainly to the rights of creditors existing at the time of the execution of the note and trust deed; for it is plain from the facts stated, that the items of personal property for which the note was given were neither the separate estate nor the *choses in action* of Mrs. Gibson, but only her personal property in possession.

We are of opinion, therefore, that the defendant obtained a good title to the property in controversy by his purchase at the execution sale, and the judgment of the circuit court will be affirmed. Judges Napton and Sherwood concur; Judge Wagner absent.

