MARNA F. COOMBES, Respondent, v. A. B. KNOWL-SON, Appellant.

Springfield Court of Appeals, March 9, 1916.

1. **CONTRACTS: Lex Loci Contractus.** Action on a contract executed in the State of Illinois. The contract is governed by the laws of that State.

2. ————: **Statutory and Common Law: Presumption.** Where in a suit upon a contract executed in another State and governed by the laws of that State, the statute law of that State in such case is not shown, it is presumed that the common law is yet in force there.

3. **COMMON LAW: Rules of Decision: Sister State.** Where a decision must be based on the common law of a sister State, where no statute law of that State on the subject is shown, the courts will follow the decisions of our own State pertaining thereto.

Coombes v. Knowlson.

4. **HUSBAND AND WIFE: Contract of Wife: Action as Feme Sole.** A married woman can maintain, in this State, a suit at law in her own name (R. S. 1909, sec. 8304) on a contract made in another State, even though the common law applies as to the construction and effect of the contract.

5. **EVIDENCE: .Motion to Strike out Testimony: When Properly Overruled.** Where the first and only objection to the testimony of a witness was made when such witness was testifying to transactions about which he was unquestionably a competent witness, a motion to exclude the testimony on the ground that the witness was incompetent and because no foundation had been laid, is properly overruled.

6. **———: Admissible in Part: Husband and Wife.** A motion to exclude all the testimony of a husband who testified concerning his acts as agent for his wife was properly denied where the principal part of his testimony was competent.

·7. **———: Interest: Contract.** Action by a married woman on a contract to manufacture lumber for defendant. Testimony by her husband that some of the lumber had been ready for delivery a considerable time before defendant· had accepted it, was competent to reduce the amount of interest which defendant might be entitled to if the jury found an agreement to pay interest.

8. **———: Exclusion: Harmless Error, When.** Action on a contract to manufacture lumber for defendant. Exclusion of defendant's testimony as to whether he had continued to receive estimates and pay for the lumber as the contract required was not injurious to defendant where it was not denied that he did not accept lumber and pay therefor.

9. **Interest: Statutory .Right.** Interest is purely a creature of statute and a party seeking· to recover it must there find his authority.

10. **———: Rate of: Contract: Verbal: In Writing.** A contract rate of interest may go to eight per cent if in writing (Sec. 7180, R. S. 1909), but under sec. 7179, R. S. 1909, interest in excess of six per cent is not allowable when the agreement to pay is verbal.

11. **INSTRUCTIONS: Interest: Precision of Instruction.** Where instruction for plaintiff did not state in direct and positive terms under what circumstances defendant would be entitled to interest, the refusal of defendant's proper instruction thereon was error.

12. **INTEREST: Verbal Agreement: Rate: Statute.** Where one verbally agreed to pay seven per cent, he agreed under sec. 7179, R. S. 1909, to pay interest and may be charged with the statutory rate of six per cent.

Appeal from Pemiscot County Circuit Court.—*Hon. Sterling H. McCarty,* Judge.

REVERSED AND REMANDED.

*R. L. Ward* and *C. G. Shepard* for respondent.

*Arthur L. Oliver, Everett Reeves* and *A. Sloan Oliver* for appellant.

ROBERTSON, P. J.—Plaintiff prevailed below and defendant has appealed. The action is based on a contract entered into between plaintiff's husband and defendant in the State of Illinois and provides for the manufacturing of certain lumber in Pemiscot county, this State, for the defendant. The contract was assigned for a valuable consideration by plaintiff's husband to her. The husband continued the business as her agent and it was directly under his personal supervision. This action is to recover the amount claimed to be due plaintiff as assignee of said contract for lumber manufactured after the assignment. The first point urged here in behalf of the appellant is that the contract, having been executed in Illinois, is one governed by the laws of that State, and that since there is no proof of the laws of Illinois concerning the right of a married woman to contract and prosecute suits in her own name we must presume that the common law is yet in force there. Assuming said premises of defendant to be correct we must, in following out the one concerning the common law, take the construction of the common law as made by the decisions of our own State as correct. [Wade v. Bonne, 184 Mo. App. 88, 98, 168 S. W. 360, and cases there cited.] The argument brought forth by the appellant to defeat the plaintiff's action on this point is based more directly upon the idea that she cannot maintain

the suit .in her own name than that. she cannot make a binding contract. In considering contracts at common law made by married women it is necessary to keep in mind the distinction between executed and executory contracts. [Neff v. Redmon, 76 Mo. 195, 197 and Walker v. Owen, 79 Mo. 563, 571.] At common law, in ·contemplation of courts of equity, the wife may have a separate existence independent of her husband as to choses in possession. [Terry, trustee, v. Wilson, 63 Mo. 493, 498.] Again, it is held in Coughlin v. Ryan, Administrator, 43 Mo. 99, 104, that: "If the husband should permit her to carry on business on her sole and separate account, without any such antenuptial agreement, all that she earns will be deemed to be her separate property and disposable by her as such, subject to the claims of third persons properly affected by it."

The facts in this case disclose a liability on behalf of defendant to the plaintiff, even at common law, and although at common law she might not maintain a suit at law in her own name that rule has been abrogated in this State by our statute (Section 8304, R. S. 1909) and she can maintain a suit at law in her own name in this State irrespective of common-law rules. " 'It is universally admitted and established that the forms of remedies and modes of proceeding and the execution of judgments are to be regulated solely and exclusively by the laws of the place where the action is instituted; or . . . . . . . . . . . . . according to the *lex fori.*' " [Ruhe v. Buck, 124 Mo. 178, 184, 27 S. W. 412.] In that opinion the rule is extensively discussed and numerous instances given similar to the action in the case at bar where it was held that the action was governed by the laws of the State where prosecuted. Hence, we have this situation, that at common law where the wife contracted and after there was a performance on her part, as in the case at bar, the other party

could not escape liability because of the ordinary disability with which the common law burdened a married woman. The liability had been incurred and then the only question was as to how it might be enforced. Our laws solve that problem and permit her to sue as a *femme sole.*

It is held in Tremain v. Dyott, 161 Mo. App. 217, 221, 142 S. W. 760, that matter connected with the performance of a contract are regulated by the laws of the State where performed. In Smoot v. Judd, 161 Mo. 673, 684, 61 S. W. 854, it is said that: "The law of the place where the contract is to be performed is the law of the contract." That point was said to be not very material in that case. The opinion in that case was overruled upon another point in the same case, 184 Mo. 508, 518, 83 S. W. 481. However, owing to our ruling as to the right of plaintiff to maintain her suit at law in this State in her own name, even if the contract is governed by the laws of Illinois, that question is not material in this case.

Plaintiff's husband was a witness in her behalf and testified not only to matters in which he acted as agent for his wife but also as to other transactions between him and the defendant prior to the assignment of the contract to the plaintiff. It is now insisted on behalf of defendant that it was error to allow the testimony outside of the agency transactions to be admitted. Our attention is called to the pages of the record where it is stated that defendant's objection upon this point was overruled. What really occurred, as shown by this part of the record, is that plaintiffs husband, when he began his testimony, was asked if plaintiff was his wife and was asked about his signature to the contract. An objection was interposed on behalf of the defendant "because the proper foundation had not been laid." The court overruled the objection and defen-

Coombes v. Knowlson.

dant excepted. The witness was then asked if he was plaintiff's agent in conducting this business from and after the assignment. He answered the question in the affirmative without objection. In behalf of the defendant an objection was made that it called for a conclusion. There was no ruling, or exception. The court then requested the witness: "To state in what way the agency was arranged." The witness proceeded to testify about his management of the business for his wife and shortly the objection was made in behalf of defendant to any testimony "on the part of the witness because he is the husband of the plaintiff and the proper foundation had not been laid." The objection was overruled and the defendant excepted. The witness then proceeded to the close of his testimony without any objection on the part of the defendant as to the incompetency of the witness, narrating mostly the transactions between him and the defendant prior to the assignment. At the close of the direct examination defendants attorney stated: "The defendant now moves the exclusion of all this witness's testimony because he is the husband of plaintiff and the proper foundation for his testimony had not been laid." The court overruled the motion and the defendant excepted. The court committed no error in making those various rulings because when the first objections were made the witness was referring to transactions about which he was unquestionably a competent witness. The motion to exclude all of the testimony of the witness was properly denied because the principal part of it was concerning facts about which the plaintiff could properly testify and it would have, therefore, been error to exclude *all* of the testimony. If the defendant desired a ruling upon the exact point for which he now contends the motion should have been so framed that it would have specifically referred to the objectionable testimony.

The defendant complains that the plaintiff's husband was improperly allowed to testify about some of the lumber having been ready for delivery a considerable length of time before the defendant accepted it. The error into which the defendant has fallen in urging this point is in view of the fact that this testimony was offered for the purpose of reducing the amount of interest to which defendant would be entitled should the jury believe there was an agreement to pay interest.

The defendant insists that similar testimony offered by him was rejected but the question which the defendant claims he was not allowed to answer was one asked him as to whether he had continued to receive estimates and pay for lumber as the contract required. The exclusion of the answer to this question, even if it had been in the affirmative, could not have injured the defendant because no one denied that he did not accept lumber and pay therefor, but the controversy was over a discrepancy on the measurements upon which plaintiff relied and those contended for by the defendant and upon the question of interest.

The most difficult question in this case is the one concerning the claim of the defendant for credits on plaintiff's account because, as defendant contends, he advanced to the plaintiff and to her husband, while carrying out the contract, considerable sums of money for which defendant testified they agreed to pay interest. This agreement plaintiff and her husband denied.

Interest being purely a creature of the statute a party seeking to recover it must there find his authority.

Section 7179, Revised Statutes 1909, provides: "Creditors shall be allowed to receive interest at the rate of six per cent per annum, when no other rate is agreed upon, for all moneys after they become

due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money *recovered* for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.''

By section 7180 the contract rate of interest may go to eight per cent per annum, if in writing.

It is conceded that if interest was agreed to be paid defendant for advances it was not in writing. In one place the record shows defendant testified that the plaintiff's husband agreed to pay interest at the rate of seven per cent per annum. The account which defendant offered in evidence shows some charges of seven and some of six per cent interest. The real controversy in this case turns upon the question of whether the defendant is entitled to any credit for interest and if so whether that issue was properly submitted to the jury and if any error was committed in refusing instructions requested by defendant upon this point.

The defendant's answer admits the contract sued on, proceeds with a general denial of all other allegations and specifically denies that he owes anything thereon. There was no objection by plaintiff to testimony and the plaintiff by an instruction recognized the question of interest as one properly in the case and we shall now so treat it without further discussion and proceed to a consideration of the instructions given and refused upon this phase of the case.

At the request of plaintiff the court instructed the jury as follows, this being the only one given on this question:

''2. The court instructs the jury that under the law a creditor cannot charge more than six per cent

193 App. 36

interest for money loaned, except it be in writing specifying the amount of interest in excess of six per cent; and that on open accounts or money due, and where there is no agreement to charge any interest, then no interest can be charged until there is a demand for payment of said account or loan and then only six per cent can be collected. So if you find and believe there was no agreement by Voorhees Coombes to pay interest on his account with defendant or for money advanced and that no demand was made for same then you will not allow to defendant any interest on such account or loan.''

The defendant requested and the court refused the following instructions:

''3. The court instructs you that if you believe and find from the evidence; that defendant, from time to time, subsequent to the execution of the contract sued on by plaintiff, advanced to one Voorhees Coombes, prior to his assigning his rights in this cause of action to plaintiff Marna Coombes, certain money, with which to operate and carry on his milling business in Pemiscot county, Missouri, or for any other purpose, upon the request of said Voorhees Coombes, and upon his agreement to pay interest thereon, and that said amounts were advanced or loaned to said Voorhees Coombes, over and above the amount of advances due him under his lumber contract with defendant, then defendant has the right to charge said Voorhees Coombes' account with such interest on said money, until the same was repaid to defendant.''

''6. The court further instructs you that if you believe and find that defendant, from time to time, subsequent to the execution of the contract sued on by plaintiff, advanced to one Voorhees Coombes, prior to his assigning his rights in this cause of action to plaintiff Marna Coombes, certain money upon the request of said Voorhees Coombes, and upon his

agreement to pay interest thereon, and that said amounts were advanced or loaned to said Voorhees Coombes upon his promise to repay the same with interest, then defendant had the right to charge said Voorhees Coombes' account with interest thereon at the rate of six per cent per annum.''

It will be noticed that plaintiff's instruction does not tell the jury in direct and positive terms under what circumstances the defendant should be entitled to have credit for interest and if the court refused a proper instruction on this point, requested by defendant, then error was committed. [Stephens v. City of Eldorado Springs, 185 Mo. App. 464, 471, 171 S. W. 657.]

It will be observed that instruction numbered three requested by defendant is so framed as to allow the jury to compute interest at the rate of seven per cent per annum if they found plaintiff, or her husband, verbally agreed to pay that amount, but the section of the statute which we have quoted does not allow the rate, when the agreement to pay it is verbal, to exceed six per cent, so clearly the court did not err in refusing this instruction.

Instruction numbered six requested by defendant is equivalent to telling the jury that if they believe that plaintiff's husband verbally agreed to pay seven per cent yet he could be charged with six, because this allowed the jury to base a verdict on any agreement to pay interest and defendant testified that plaintiff's husband agreed to pay seven, hence if the jury believed that testimony then they would have charged plaintiff with six per cent, the amount authorized by the above-quoted section of the statute.

Before interest at six per cent per annum can be recovered in a case of this kind the fact must be found that ''an express promise to pay interest has been made.'' This section of the statute does not require that there must be an *agreement* to pay

a fixed and certain amount of interest not exceeding six per cent, but that there must be ."an express promise to pay interest." It has been held that where there has been a promise to pay interest, but no amount agreed upon, that then this section of our statute fixes the rate. [Hard v. Foster, 98 Mo. 297, 311, 11 S. W. 760.] Even where there is a written agreement to pay interest at a higher rate than eight per cent per annum it is recognized that the creditor can collect the legal rate. [Long v. Abstract & Loan Co., 252 Mo. 158, 166, 158 S. W. 305, *et seq.*] Said section 7179 fixes the rate at six per cent where there is an express promise to pay interest and following the same reasoning as that upon which the said decisions of the Supreme Court are based we must hold that even if plaintiff's husband agreed to pay seven per cent, yet he promised to pay interest and this meets the requirements of that section and it fixes the rate for which he can be charged at six per cent per annum. Besides, sections 7179, 7180 and 7181 are all bound together by section 7182 and governed by the same rules, so that the holding of the Supreme Court in the Long case, supra is binding on us.

In the opinion in the case of Balz v. Nelson, 171 Mo. 682, 690, 72 S. W. 527, doubt is expressed as to the construction we now place on Section 7179, but we think the Long case removes that doubt and makes law which we must recognize. The case of Filley v. McHenry, 71 Mo. 417, 418, has come to our attention, but in that case the defendant had assumed an indebtedness which "bore six per cent interest, and the agreement to pay the debt was an assumption of the agreement of the original debtor in all its terms." The defendant there agreed with the plaintiff to pay interest at the rate of eight per cent per annum but as that contract was not in writing it

was held that the contract to pay six could be enforced.

Being of the opinion that defendant's refused instruction numbered six properly declared the law and as there was no other one presenting this phase of defendant's most important defense we must hold that it was such prejudical error as requires us to reverse the judgment and remand the cause. Plaintiff criticises this instruction because it is said it does not fix the time from which interest shall be computed, but no one. could conclude that this authorized interest to be computed until money had actually been advanced and an agreement made to pay interest thereon. Defendant can readily remove all objections urged by plaintiff against this instruction in the event of another trial.

The judgment is reversed and the cause remanded, suggesting for the consideration of the trial court and the litigants, as did the Supreme Court in Sidway v. Missouri Land & Live Stock Co., 187 Mo. 649, 677, 86 S. W. 150, the propriety of the appointment of a referee in this case.

*Farrington* and *Sturgis, JJ.,* concur.