## L. L. CORYELL v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

### Division Two, February 16, 1918.

1. **ATTORNEY'S FEE: Invalid Statute.** Following Santa Re Railway Company v. Vosburg, 238 U. S. 56, it is conceded that the Kansas statute, in so far as it permits a shipper to recover a reasonable attorney's fee, in addition to damages sustained by reason of a railroad company's failure to furnish him freight cars within a reasonable time, is contrary to the Constitution of the United States.

2. **PENAL STATUTE: Enforcement by Another State.** Statutes giving a private action against the wrongdoer, while sometimes spoken of as penal in their nature, are not, either in the liability imposed or the remedy given, purely penal. Penal statutes which the courts of another State will not enforce are those imposing punishment for an offense against the State which the Governor has power to pardon.

3. ————: ————: **Penalty for Failure to Supply Freight Cars.** A statute of Kansas giving to a shipper who had made application for cars for the shipment of his freight a right of action against a railroad company which neglected to supply such cars within a reasonable time, and permits him to recover five dollars a day for each day's delay as exemplary damages, and in addition his actual damages, is not penal in the sense which forbids its enforcement in Missouri.

Appeal from Jackson Circuit Court.—*Hon. Kimbrough Stone*, Judge.

AFFIRMED (*conditionally*).

*Thomas R. Morrow, George J. Mersereau, John H. Lathrop* and *J. D. M. Hamilton* for appellant.

(1) Section 7201, 7202 and 7203 of the General Statutes of Kansas of 1909 are penal and criminal in their nature, and cannot be made the basis of a cause of action brought in a court of the State of Missouri. (a) The courts of one jurisdiction will not enforce the

penal laws of another.  Story on Conflict of Laws, sec.
621; 1 Wharton on Conflict of Laws, (3 Ed.), p. 14,
par. 4; Kimball v. Davis, 52 Mo. App. 212; The Ante-
lope, 1 Wheat. 66; Dale v. Railroad, 57 Kan. 601; Sher-
man v. Gassett, 4 Gilman, 523; Bell v. Farwell, 52 N.
E. 346.  (b)  The Kansas Act is penal within the scope
of the rule set out above.  Wharton on Conflict of Laws,
supra; Huntington v. Attrill, 146 U. S. 657; Dennick
v. Railroad, 103 U. S. 11; Lees v. United States, 150
U. S. 476; Railroad v. Matthews, 165 U. S. 1; Diversy
v. Smith, 103 Ill. 378, 42 Am. Rep. 14; Marshall v. Rail-
road, 46 Fed. 269; Raisor v. Railroad, 215 Ill. 47; Mathe-
son v. Railroad, 61 Kan. 667; Dale v. Railroad, 57 Kan.
601; Grain & Lumber Co. v. A. T. & S. F., 116 Pac. 906;
Milling Co. v. A. T. & S. F., 82 Kan. 256; Meeker &
Co. v. Lehigh Valley, 236 U. S. 412; G. S. Kans. 1909,
sec. 5610, sub. div. 4.  (2)  An allowance of attorney's
fees cannot be sustained.  A. T. & S. F. v. Vosburg, 238
U. S. 856.

*E. H. Batson* for respondent.

(1) Sections 7201, 7202 and 7203, General Statutes
of Kansas 1909, are neither penal nor criminal, and are
properly the basis of an action brought thereon in the
courts of Missouri.  Huntington v. Attrill, 146 U. S. 657;
Grain Co. v. Santa Fe, 85 Kan. 281.  (2)  This court
must accept the construction of the Supreme Court of
Kansas on said sections 7201, 7202 and 7203.  Grain Co.
v. Railway, 85 Kan. 281; State v. Chandler, 132 Mo.
155; Northcutt v. Eager, 132 Mo. 265; State ex rel. v.
Macon County Court, 41 Mo. 453; Stephen v. Metzger,
95 Mo. App. 609; Bank v. Hoffman, 74 Mo. App. 203.
(3)  This court should not reverse outright the decision
herein for the erroneous allowance of an attorney's
fees, but should order a *remittitur* for the sum allowed
therefor.  Burdict v. Railroad, 123 Mo. 221; State ex
rel v. Edwards, 144 Mo. 467.

ROY, C.—Plaintiff sued under the Kansas Re-
ciprocal Demurrage Act for the delay of the defendant

in furnishing cars ordered by plaintiff to be furnished
in that State.    There was judgment for plaintiff for
$504.50 and for $100 as an attorney fee.    Defendant
has appealed.

Said act as shown in the General Statutes of Kansas, 1909, is as follows:

"Section 7201.    When the owner, manager or shipper of any freight of any kind shall make application
in writing to any superintendent, agent or other person
in charge of transportation of any railroad company,
receiver, or trustee, operating a line of railway at any
point, that cars are desired upon which to ship any
freight, it shall be the duty of such railway company,
trustee, or other person in charge thereof to supply
the number of cars so required at the point indicated
in the application within a reasonable time thereafter,
not to exceed six days from the receipt of such application, and shall supply such cars to the person or
persons so applying therefor, in the order in which
such applications are made, without giving preference
to any persons.    Provided, if the application be for
ten cars or less, the same shall be furnished in three
days; And provided further, if the application be for
thirty cars, or more, the railway company may have
ten full days in which to supply the cars.    The time
provided in this act for the furnishing of cars as hereinafter set out shall be deemed a reasonable time,
but this shall not be construed as excusing such railroad from the duty of furnishing such cars in a less
time than the time mentioned in this act when a less
time is reasonable, and the shipper makes application
for such cars to be furnished in a less time: Provided,
That whenever any railroad company is prevented
from complying with such demand to furnish cars as
aforesaid by any accidental or unavoidable cause,
which could not by the use of reasonable foresight and
diligence have been avoided, and supplies the same in
a reasonable time thereafter, or offers to do so, then
the liability for the damages herein provided for and
for actual damages and attorney's fees shall not accrue.

"Sec. 7202. Said application for cars shall state the number of cars desired, the place at which they are desired, and the time they are desired, provided that the place designated shall be at some station or public switch on the line of its road.

"Sec. 7203. When the cars are applied for under the provisions of this chapter, if they are not furnished, the railway company so failing to furnish them shall pay to the party or parties so applying for them, the sum of five dollars per day, for each car failed to be furnished as exemplary damages to be recovered in any court of competent jurisdiction, and all actual damages that such applicant may sustain, for each car failed to be furnished, together with reasonable attorney-fees, to be recovered in any court of competent jurisdiction; but nothing in this act shall in anywise affect the right or remedy of any shipper or other person, as the same may exist at common law or under any statute, to recover on account of failure, delay or refusal to furnish cars, nor to exempt in anywise any such railroad company from any of the provisions of the railroad laws of this state or from any of the obligations imposed upon railroad companies and common carriers by the common law."

The petition alleged ninety-nine days' delay of cars at $5 a day, and also alleged actual damages amounting to $58.50, and prayed judgment accordingly, and also for $100 as an attorney's fee.

I. This case came to this court on the claims made by the defendant that the Kansas statute, in so far as it provided for the recovery of any attorney's fee, it contrary to the Federal Constitution. Since the appeal that contention has been sustained in A., T. & S. F. Ry. Co. v. Vosburg, 238 U. S. 56.

*Attorney's Fees.*

II. It is conceded by counsel that the courts of one State will not enforce the purely penal statutes of

another State. What is a penal Statute in the contemplation of that rule? That question is
**Penal Statute.** clearly answered in Huntington v. Attrill, 146 U. S. 1. c. 667, where it is said:

"Penal laws, strictly and properly, are those imposing punishment for an offence committed against the State, and which, by the English and American constitutions, the Executive of the State has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."

That language was used with reference to the question now under discussion. We have been cited to no authority contrary to that ruling. We hold that the Kansas statute is not penal in the sense which forbids its enforcement in this State.

If the respondent will, within ten days in this court, enter a *remittitur* for $100 the amount allowed in the judgment as an attorney's fee, the judgment will be affirmed for the amount thereof less the *remittitur;* otherwise it will be reversed and the cause remanded for a new trial.

*White, C.,* concurs.


PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.